## THE STATE *v.* ADOLPHE DESFORGES and others.

In an action in the name of the State to recover the penalty of a bond taken for the appearance of one of the obligors, the defendants may urge, for the first time, after appeal, that nothing became due to the State by its forfeiture. *Per curiam.* Such an objection is not based on the mere incapacity to sue, which must be specially denied, but, tending to show the absolute want of any legal right in the State, may be taken advantage of at any stage of a cause. It goes to show that the plaintiff has no interest in the subject matter of the suit, and that the right of action does not belong to the party who seeks to enforce it.

Under the 4th section of the act of 1 April, 1835, bonds or recognizances taken by a Recorder of any Municipality of the city of New Orleans, in a criminal matter, can only be recovered by the city attorneys for the use of the corporation. From the moment of forfeiture, the corporation was vested with the right to sue for their recovery. The Attorney General cannot enforce the payment of such a bond, in the name, and for the benefit of the State. An action for the recovery of the bond is a civil proceeding ; and one cannot be permitted to sue to enforce obligations in which he has no interest.

The 4th section of the act of 1st April, 1835, appropriating to the city of New Orleans the amounts recovered on all bonds and recognizances taken by the associate Judges of the City Court, the Mayor, or Recorder, within that city, for the public peace, or in criminal matters generally, and directing how they shall be sued on, was not repealed by the act of 11 March, 1837, chap. 73, providing for the support of the Charity Hospital.

APPEAL from the Criminal Court of the First District, *Canonge*, J.

*Preston, Attorney General*, for the State. The fourth section of the act of 1st April, 1835, (Acts, p. 179,) must be considered, as referring to recognizances taken by the City Magistrates, for criminal offences against the City regulations ; as an act, passed the very next day, (April, 2d —see Acts of 1835, p. 219,) provides, that all fines and penalties whatever incurred by persons bound over to appear before the Criminal Court of the First District, shall be prosecuted before it by the Attorney General. The act of 1st April, 1835, p. 179, was repealed by the act of 11th March, 1837, chap. 73, providing for the support of the Charity Hospital.

*Bodin*, for the appellants. The State cannot recover on the recognizances sued on, because nothing became due to it by the forfeiture ; and nothing being due to the State, the Criminal Court of the First District has no jurisdiction to enforce the payment of the bond.

Whenever the condition of a recognizance is broken, it becomes forfeited or absolute, says Blackstone, and being estreated or extracted from among the other records, and sent up to the Exchequer, the party and his sureties, having now become the king's absolute debtors, are sued for the several sums in which they are respectively bound. 4 Black. 253.

The words of the great commentator are especially applicable to this case. By the non-appearance of Desforges, the recognizance of the appellants was forfeited ; and it remained only to extract it from the Recorder's records, for the purpose of suing the parties who had become the absolute debtors—of *whom ?*

Not of the State of Louisiana ; for, by an act of April the 1st, 1835, entitled " an act supplementary to the several acts relative to the City Court of New Orleans and for other purposes," (see p. 179 of the Acts of 1835,) it is declared, section 4th : " That all bonds and recognizances taken by the Associate Judges, Mayor, or Recorder, within the City of New Orleans, for the public peace, or in criminal matters generally, shall, when forfeited, be recovered by the City Attorneys, for the use of the Corporation of New Orleans, all laws to the contrary notwithstanding."

The bond, given in this case, when once forfeited, became, therefore, the property of the Corporation of New Orleans, which alone could sue to recover its amount. It is useless to remark that by the act of division of the City, the three Municipalities have succeeded to the rights of the old Corporation ; the position of the parties not being affected by that.

There are many acts of our Legislature by which forfeitures are thus given to public institutions, or political corporations. The right to sue for the forfeitures is not invariably conferred on the grantee ; but, in several instances, it has been expressly given, such as in an act of 1842, section 9th, page 484 of the vol. of the acts of that session. The present case is another example of that legislative grant, by which the State gave up even the right of recovery.

By what authority, then, did the Attorney General present himself, in this case, in the name of the State, and for the benefit of the State ? The State has passed over its interest in such bonds, to the City of New Orleans ; the City is to recover the whole amount of the bond, and the City Attorneys must sue for the recovery thereof.

The action, to be brought on the recognizance given by the appellants, is a civil proceeding, (14 La. 195, and 12 La. 511,) to which none can be a party except he who is interested therein. (2 Mart. N. S. p. 254, et seq.)

If it were necessary to consult English authorities on the subject, I could appeal to Bacon's Abridgment, to Blackstone, to the case of *Adams* v. *Wood*, (2 Cranch,) and the case in 3 Sumner, 120, wherein it is laid down, that " the action to recover a penalty, or forfeiture, must be brought in the name of government, *unless* some other mode for the recovery is prescribed by the statute." Here the statute is clear and positive ; it says that the forfeited bond " *shall* be recovered by the City Attorneys, for the use of the City."

An observation of Judge Bullard, in the late case of *The State* v. *Williams*, may be likewise invoked : " I do not see how an action of debt could be maintained *by the State* for the whole fine, when half is given to the informer."

Upon the first point, we must, therefore, conclude, that the

State could not maintain this action, wherein, not the one-half merely, but the whole amount of the forfeiture is given to another ; and when the State itself has prescribed, that the recovery shall be made by its grantee.

Upon the second point, the conclusion is greatly facilitated, since we have already shown, that the bond, when forfeited, shall not belong to the State.

The Criminal Court of New Orleans, where this suit was brought, is a court of limited jurisdiction, " to hear and determine all prosecutions, upon all crimes, misdemeanors, and offences whatever, which have been, or shall be committed, by any free person within the limits of the First Judicial District." (Act of 3d March, 1819.)

In 1832, its jurisdiction was enlarged, so as to extend to " all cases where it may be necessary to enforce the payment of any sum due to the State for the forfeitures of bonds and recognizances in criminal prosecutions." See acts of 1832, p. 98. But the jurisdiction is given only " to enforce the payment of sums *due to the State*," and if nothing is due to the State by the forfeiture of the appellants' bond, the Criminal Court of New Orleans was without jurisdiction to enforce the payment thereof.

The act of 1837, (p. 98 of the sessions acts,) can have no reference to the present case.

That act establishes a mode of proceeding by the Criminal Court, and all the other courts of the State, for the recovery of the amount of bonds, forfeited in consequence of the non-appearance of the accused before their own bar, and in cases wherein the State is entitled to the recovery, or the recovery at least is left to the Attorney General, representing the State.

The provisions of that act do not clash with the provisions of the act of April 1st, 1835. By the latter, a particular class of bonds shall be recovered at the suit of the City Attorneys ; by the former, other bonds are legislated upon. As a proof that such is the intention of the law-giver, we must recollect that the act of 1837, is nothing more than a modification of the proceedings established by an act of 1835, (p. 219 of the vol.) passed on the 2d of April, that is to say, the *next day* after the act by which the right to certain bonds, taken by its officers, is given to the City.

These two acts can stand together, and the last contains no general repealing clause.

Whenever a bond has been taken (not by the City Court Judges, Mayor, or Recorder,) the amount of which is to be recovered by the Attorneys, representing the State, the mode of proceeding to be followed, is established by the act of 1837. Before that, what was the mode ? The act of 1835, did not decree the forfeiture to be absolute ; but decreed it to be " similar to what is known in the common law under the term of *estreat,* to serve as a foundation against the accused and his surety, for a *scire facias."* 10 La 102. Now, under the changes operated by the act of 1837, a judgment is entered up at once against the parties to the bond.

But if the recognizance has been taken by any of the City Court Judges, or by the Mayor, or Recorders, the proceedings are quite different.

The State, in the first place, must cause the bond to be declared forfeited ; because this is a criminal proceeding, which, by the constitution, must be carried on in the name of the State.

But the recovery of the bond after it is declared forfeited, is another thing ; and the proceeding has been decided to be a *civil* one.· " When the forfeiture of a bond has become a matter of record," says Judge Martin, in 12 La. 528, " it may be put in suit in the ordinary way, and perhaps in no other."

The city of New Orleans, which is the true *recognizee* in such cases, after the State has done its part, by causing the bond to·be declared forfeited, must sue upon it by its Attorneys, in conformity with the 4th section of the act of April 1st, 1835, by an ordinary action, before the ordinary tribunals of the country, clothed with general jurisdiction.

*Eustis* and *Grymes,* on the same side.

SIMON, J.* Castera and Andry, two of the defendants, are appellants from a judgment on a bond taken by the Recorder of the Second Municipality of New Orleans, for the appearance before him of Desforges, their principal, on a charge of having embez-

* This case was decided on a re-hearing.

zled, and converted to his own use, funds of the Commercial Bank of New Orleans.

The petition states, that the bond sued on was taken by the Recorder; and that, by reason and in consequence of the non-appearance of Desforges, before said Recorder, to answer the complaint lodged against him, and of his departure from the State without the leave of said Recorder, the same was forfeited, and the parties thereto " became all liable and responsible to the State," &c.

The appellants filed several exceptions, among which we find the following plea : " that the Criminal Court is without jurisdiction, special laws having been enacted, determining the mode of proceeding and the extent of jurisdiction of the Criminal Court for the recovery of the amount of bonds, obligations, and recognizances due to the State in criminal cases, and said special laws not justifying, nor in any manner authorizing the mode of proceeding in this case, nor giving jurisdiction to this court."

Under this plea, it has been urged by the appellant's counsel : 1. That the State cannot recover on the recognizances sued on, because nothing is due on it to the State by its forfeiture : and 2d, That nothing being due to the State, the Criminal Court is without jurisdiction to enforce the payment of said bond.

This position of the appellant's counsel, does not appear to have been taken below, except so far as it denies the jurisdiction of the Criminal Court; but the question, though not perhaps strictly presented by the pleadings, seems to be one of those, which, tending to destroy the plaintiff's action, or rather to show his absolute want of legal right, may be taken advantage of at any stage of a cause. It is not based upon a mere want of capacity to sue, which is to be specially pleaded or denied; but it is an attempt to establish, that the plaintiff has no interest whatever in the subject matter of this suit, and that the right of action does not belong to the party who seeks to enforce it. *Brown and Sons* v. *Saul et al.*, 4 Mart. N. S. 487. Here, the petition alleges, that the parties to the bond became all liable and responsible to the State, and if it be true that the State has no interest in the matter in litigation, it is clear that no recovery can be had at the suit of the Attorney General.

The appellants' counsel relies upon the 4th section of an act of

the Legislature, approved 1st of April, 1835, p. 179, which provides : " that all bonds and recognizances taken by the Associate Judges, Mayor, or Recorder, within the city of New Orleans, for the public peace, or in criminal matters generally, shall, when forfeited, be recovered by the City Attorneys, for the use of the Corporation of New Orleans, all laws to the contrary notwithstanding ;" and he maintains that the bond, given in this case, when once forfeited, becomes the property of the Corporation of New Orleans.

This is not the only instance in which forfeitures are given by the Legislature, to public institutions, or political corporations. In some cases they are allowed the benefit of the fines and forfeitures, without having the right to sue for them ; but in others, they are specially authorized to sue for their recovery, in their own corporate names. So, under a law of 1842, (acts of that year, p. 484,) all fines and forfeitures incurred under the act, are to be recovered in the name of the Police Jury of the parish of Concordia, before the Parish Judge ; and so, in this case, the bond or recognizance sued on, having been taken by a Recorder within the City of New Orleans, in a criminal matter, is to be recovered by the City Attorneys for the use of the Corporation. It is obvious, therefore, that, from the moment that the ͺbond was forfeited, the Corporation became vested with the right to sue for the recovery of its amount through its attorneys, whose duty it was to institute proceedings for that purpose, for the use of the said Corporation ; and it is clear that the Attorney General could not enforce the payment of the bond, in the name and for the benefit of the State.

We have been referred to several authorities in support of the position taken by the appellants' counsel, which appear to sustain it. In 3 Summer, 120, it was held, that " the action to recover a penalty or forfeiture must be brought in the name of the government, unless some other mode for the recovery is prescribed by the statute." See also *Adams* v. *Wood*, 2 Cranch, 336. Here the mode is prescribed by the statute ; its terms are clear and positive, and exclude the idea of the action's being brought in the name of the State, for the recovery of the bond which the appellants may have become liable to pay to the Corporation of New Orleans. It cannot be disputed that the action to be instituted

for the recovery of the recognizances given by the defendants in this suit, is a civil proceeding. Its forfeiture having become a matter of record, may be put in suit in the ordinary way.  12 La. 538. 14 La. 195,  And it is a well known rule, that no one can be permitted to institute suits at law, to enforce obligations in which he has no concern.  2 Mart. N. S. 254.

It has been urged that the act of 1835, which confers on the City Corporation the power of collecting and receiving the amount of the bonds and recognizances taken by the Recorder in criminal matters, was evidently repealed by the special statute of 1837, p. 73, requiring all sums paid into the State Treasury from forfeited bonds and recognizances to be set apart, to the extent of $40,000 per annum, for the permanent support of the Charity Hospital. This act contains no repealing clause, and does not seem to refer to the law relied on by the appellant's counsel (of the 1st of April, 1835,)  This last law provides for a limited and special class of bonds and recognizances, to wit, such as are taken by the Associate Judges, Mayor and Recorder, within the City of New Orleans ; whilst the disposition of the bonds and recognizances taken in the other parishes of the State, including those taken in the other parishes of the First Judicial District which are within the territorial jurisdiction of the Criminal Court, remain unchanged, and are to be recovered under the provisions of two other acts of the Legislature, approved the 2d of April, 1835, (Acts of that year, p. 219,) and the 11th of March, 1837, (Acts of that year, p. 99 ;) the amounts whereof, after recovery, are to be paid over to the State Treasurer to be disposed of according to the provisions of the different statutes.  Thus it may well be said, that in order to give effect to the law of 1835, which is not inconsistent with the law of 1837, (p. 73,) and is not repealed thereby, the provision of the latter act should extend over all sums of money which may be collected and paid into the Treasury of the State, arising from the recovery of all forfeited bonds and recognizances, except those which, by the special provision of the act of 1835, belong to the City of New Orleans, and are recoverable for the use and benefit of the said Corporation.  It is clear, as maintained by the appellants' counsel, that if the proceeds of the bond sued on, were not to be recovered by the State, and paid into the State Treasury at

the time when the law of 1837 was passed, the provisions of said law do not include, and were not adopted in contemplation of, the proceeds of bonds and recognizances which had been previously appropriated for the use of, and properly belong to, the City of New Orleans.

The view we have taken of the first question, precludes the necessity of inquiring into the jurisdiction of the Criminal Court, in this case, for if the State has no right to sue for the recovery of the bond, this action cannot be maintained even before a court of competent jurisdiction; and we conclude that, as the right of action does not belong to the State, but ought to be exercised by the City Attorneys, for the use of the Corporation of New Orleans, the present proceeding ought to be dismissed.

It is therefore ordered, and decreed that the judgment of the Criminal Court be annulled, and reversed, and that this suit be dismissed.