Succession of TERRELL v. BUCKNER.

No. 5448.

Court of Appeal of Louisiana.
Second Circuit.

June 1, 1937.

Rehearing Denied June 30, 1937.

Writ of Certiorari and Review Denied
Nov. 2, 1937.

Lee J. Novo, of Alexandria, for appellant.

T. A. Carter, of Alexandria, for appellee.

DREW, Judge.

This is a suit by the administratrix of the succession of Elijah Matt Terrell to set aside tax sales made by the city of Alexandria and the state of Louisiana of property owned by said succession for taxes due for the year 1931.

Elijah Matt Terrell died intestate on January 5, 1932; his succession was opened and an application for the appointment of an administrator made on February 29, 1932. There was a contest over the appointment of the administrator between the widow of deceased and his father. On October 19, 1932, an administrator was appointed by judgment of court. Later, this administrator was deposed and the original applicant appointed.

The taxes for 1931 due on the following described property: Lot 12, square 2, Bel Air place, and improvements; and lot 13, square 2, Bel Air place, owned by decedent at the time of his death, were not paid. On September 22, 1932, the sheriff of Rapides parish mailed to Elijah Matt Terrell, Alexandria, La., a registered, delinquent tax notice; and on November 2, 1932, the tax collector for the city of Alexandria mailed to Elijah Matt Terrell a registered, delinquent notice—both being for 1931 taxes. Both were returned. The one mailed by the sheriff was checked by the postmaster as unclaimed and the one mailed by the city tax collector was marked "deceased." No further efforts were made to serve proper notices, as required by law. Both notices were mailed many months after the death of the tax debtor and after the succession had been opened and a lawsuit involving the right to the administratorship had been and was being fought out in the district court of Alexandria, Rapides parish, La. Notwithstanding this fact, the property was advertised for sale and sold for 1931 taxes, being purchased by Andrew J. Buckner, the defendant herein. The deed from the city of Alexandria was recorded December 22, 1932, and that from the state was recorded February 2, 1933.

The administration of the succession had not been closed at the time of the trial of this case below, due to the many litigated matters in which it had been involved.

On February 3, 1936, the tax purchaser and defendant herein filed a suit against all the heirs of Elijah Matt Terrell, but not against the administratrix, alleging that more than three years had elapsed since the registry of the tax deeds, and prayed for judgment confirming his tax title and quieting him in the same, unless an action to annul was filed within six months from service of his petition. On March 24, 1936, the administratrix of the succession filed suit to annul the tax deeds and have them erased from the conveyance records, alleging that the succession is the owner of the property pretended to have been adjudicated for taxes. The nullities alleged are that there was no notice of said intended sale ever served upon decedent prior to his death or upon the administrator or administratrix of his succession after his death; and that the notices mailed and returned were addressed to Elijah Matt Terrell, who

had been dead many months before the notices were mailed to him by registered mail.

The administratrix further alleged she had been in continuous possession of said property as administratrix and that Andrew J. Buckner, the defendant, had never been in possession of the property. She further alleged that, in the course of administration, she advertised said property for sale to pay the debts and same was bid in; however, the bidder refused to make his bid good for the reason he discovered that defendant herein was claiming the property under the purported tax sales.

Defendant filed an exception of no cause and right of action to the petition, based on the ground that she had failed to allege that she had been in actual, physical, and corporeal possession of the property. The exception was overruled below, and we think properly so. She alleged the defendant had never been in possession of the property and that she, as administratrix, had been in continuous possession. The allegation was sufficient to state a cause of action if it were a necessary allegation. If the three-year prescription is to be negatived in the petition, which we doubt, it was also sufficient for that purpose. Defendant in answer denies that plaintiff has been in actual, physical possession of the property, and pleads the prescription of three years. He denies all other allegations of plaintiff's petition.

On these issues the case was tried below, resulting in judgment for plaintiff, annulling the two tax deeds, and ordering them canceled from the records upon payment to defendant of the taxes and interest, as required by law. Defendant has perfected this appeal.

The notices addressed to Elijah Matt Terrell, who was dead at the time, were not legal notices. Therefore, the only question to determine is that of three-year prescription, which is to be determined upon the fact of whether or not plaintiff was in actual, physical possession of the property at the date of the sale and thereafter. The lower court, in a written opinion, has correctly found the facts on this issue and also correctly applied the law thereto, in the following language:

"The testimony shows that Elisha M. Terrell, shortly prior to his death in January, 1932, had requested his brother, J. N. Terrell, to move into the dwelling which was and still is on the lots of land in question, for the purpose of taking charge of it and to care for his wife, Nora Terrell; that accordingly said J. N. Terrell moved upon and took charge of the property on or about the time of Elisha M. Terrell's death in January, 1932, and he and his family and said Nora Terrell, widow, lived there together continuously until Nora Terrell moved away the latter part of December, 1935, when she, so she testified, moved to the country on account of her health; and J. N. Terrell and his family remained until about the middle of January, 1936, at which time he moved, as he testified, because he did not want to live on disputed property. It appears that his wife and Nora Terrell were sisters.

"It appears that about the time, and possibly for some time previous, Mr. Buckner, defendant, had been trying in a peaceful manner to get possession of the property, claiming that it was his under his tax title. Mr. Carter, as the attorney for the administrator, was looking after the property in the interest of Nora Terrell, administratrix, she having, it seems, left it up to him to look after it for her. Mr. Carter and Mr. Buckner had had considerable discussions relative to the matter, the latter wanting to get possession and the former endeavoring to prevent him. So, it appears J. N. Terrell, being aware of this connection, decided to leave the property. Immediately after J. N. Terrell moved, Mr. Buckner went upon the premises and tacked up a 'No Trespass' notice and a 'For Rent' sign on the same.

"As soon as he could do so after J. N. Terrell moved, Mr. Carter secured a Mr. Nicholls as a tenant. Nicholls moved on the premises about the middle of February and has occupied it and paid rent to Mr. Carter up to the present time. He testified that Mr. Buckner came soon after he moved in and endeavored to collect rent, but was refused.

"In the opinion of the court, it can hardly be said that Mr. Buckner ever acquired the actual physical possession of the property, such as is contemplated under the jurisprudence of this State to be necessary to entitle him to a confirmation of his tax title. While it is the provision of the above referred to section and article of the Constitution [article 10, § 11] that a tax sale can not be set aside, except for prior payment of the taxes after three years from the recordation of the tax deed, the courts have unanimously held that:

" 'It is well settled that an action founded upon that cause for annulling a tax sale is barred by the prescription of three years, unless the tax debtor has remained in actual possession of the property.' Progressive Realty Company v. Levenberg, 177 La. 749, 757, 149 So. 444, 446; Tensas Delta Land Company v. Anders, 158 La. 94, 103 So. 522; Levenberg v. Shanks, 165 La. 419, 115 So. 641; Federico v. Nunez, 173 La. 957, 139 So. 18.

"As we view the law, it is not that the tax purchaser must obtain the possession, but the requirement is that the tax debtor must have retained the actual physical, corporeal possession. And we also think that the property here involved may fairly be considered to have been and remained up to the filing of the suit, and the trial in such possession of the tax debtor, or his heirs and legal representatives of such character as to meet the legal requirements.

"The three years prescription therefore cannot be considered as effective in this case."

The judgment of the lower court is therefore affirmed, with costs..