### SMITH v. BROCK et al.

No. 6254.

Court of Appeal of Louisiana. Second Circuit.

Nov. 29, 1940.

Rehearing Denied Jan. 13, 1941.

Thompson L. Clarke, of St. Joseph, for appellant.

W. Davis Cotton, of Rayville, for appellee.

TALIAFERRO, Judge.

Plaintiff, in the year 1934, purchased at tax sales in her own name certain improved lots in the town of Delhi, Louisiana. At that time the property was encumbered with a mortgage to the Bank of Delhi which had previously failed and was being liquidated by the State Bank Commissioner. In September, 1936, the commissioner instituted foreclosure proceedings on the mortgage and the affected property was seized and advertised for sale. Plaintiff procured the issuance of a temporary restraining order and thereafter, upon hearing, a preliminary injunction issued, restraining and prohibiting, until the further orders of court, sale of the property. Defendant moved to dissolve the preliminary injunction and alleged that the tax sales to plaintiff were invalid, null and void for several assigned reasons. The petition in the motion is excepted to as disclosing neither a cause nor a right of action, in amplification of which it is alleged that said property was purchased in the name of plaintiff, then wife of Solon E. Smith, between whom the community of acquets and gains existed and became an asset of that community, and this being true, plaintiff is without right to institute and prosecute in her own name this action.

The motion to dissolve was overruled. The record built up in the trial thereof, by agreement, was submitted and used in trial of the case on the merits. There was judgment in plaintiff's favor, recognizing her ownership of the property and decreeing the mortgage sought to be foreclosed to have been canceled by virtue of the tax sales. The preliminary injunction was perpetuated. The commissioner appealed.

We are of the opinion that the exceptions leveled at plaintiff's right and capacity to institute and prosecute this suit are well founded. This being true, the allegations in the various attacks upon the tax deeds will not be epitomized nor considered.

There is no recital in the tax deeds to negative the presumption of community. Plaintiff alleges that she "acquired the property with her own separate and paraphernal funds" and that since the date of the sales she has exercised ownership and dominion thereover.

Plaintiff was married to Solon E. Smith in the year 1928. She did not testify in the case. She relies upon his testimony alone to prove the correctness of her allegations as regards the separate and paraphernal character of the property. He testified that when he and plaintiff married she had some money, the amount of which is not disclosed; and that she invested it from time to time; that in the autumn of the year 1929, she earned a salary as employee of a local bank; that she carried a checking account in her own name in different banks, as did he, and that each had the right to, and did, check against the accounts of the other; that he occasionally would give her cash money. He is not certain, but thinks he paid the price of the tax sales by check against her account. Two of the banks in which plaintiff had accounts failed prior to the tax sales and it is not shown that she, as a depositor, received any dividends therefrom.

To hold that the tax purchases did not fall into the community of acquets and gains, it would be necessary to decide that the prices thereof were paid from the identical funds plaintiff had when she married, or from funds realized from reinvestment thereof over which her husband had not had control nor administration. Earnings subsequent to the marriage certainly belong to the community. For plaintiff to establish her contention as regards paraphernality of the property, it devolved upon her to trace the pre-marriage funds or funds realized from re-investment thereof to the tax sale. This she has not done.

It is evident that whatever separate money plaintiff had when she married, if not expended, has lost its identity by being commingled with community funds earned by her or advanced to her by her husband. This is reflected from the right of the husband to check against her accounts and supplementing of same by funds advanced by him.

The testimony adduced by plaintiff does not nearly establish her contentions, but does go far toward disproving them. The

strong presumption of community is not, even to a meager extent, overturned thereby.

It has been frequently held and is now a well settled principle of our law that to overcome the presumption in favor of the community, the wife must establish three crucial facts, to-wit: (1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her. Houghton v. Hall et al., 177 La. 237, 238–244, 148 So. 37; Stauffer, Macready & Co. v. Morgan, 39 La.Ann. 632, 2 So. 98. Not one of these facts has been proven in the present case.

In Houghton v. Hall, supra, it was specifically held that the presumption is not overcome by the declaration of the spouses in a deed to the wife that the purchase was made with her own separate and paraphernal funds, under her separate administration. As said before, such a declaration is not in these tax deeds.

All actions involving or relating to community property must be instituted, prosecuted and/or defended by the husband, the head and master of the community. He may not delegate this function to the wife. In Mitchell v. Dixie Ice Company, Inc., 157 La. 383, 102 So. 497, it was held that all actions for damages to community property must be prosecuted by the husband, and that a judgment for wife alone must be reversed, although the property was purchased in her name and the husband joined to aid and authorize her in the suit.

For the reasons herein assigned, the exceptions of no right and no cause of action are hereby sustained, and plaintiff's suit dismissed at her cost.