Mrs. Peter A. Hand sued Mrs. Laura A. Coker and Joseph C. Noto, the latter a real estate agent, for the return of a deposit in the sum of $140, paid on account, and representing a 10% deposit in connection with plaintiff's offer to purchase the business of a rooming house, and certain furniture and fixtures located at 2106 St. Charles Avenue, in this City.
The allegations are, substantially, that on August 30, 1941, plaintiff entered into an agreement with Joseph C. Noto, as agent, and Mrs. Laura A. Coker, as principal, for the purchase of said business and contents; that in pursuance thereof plaintiff deposited $140 with the said Joseph C. Noto; that the agreement was dependent upon Mrs. Coker's ability to transfer to plaintiff a then existing lease on the building, this lease to have a primary term of one year, with the privilege of renewal for an additional one year period; that defendants have failed to assign or transfer to plaintiff a lease conditioned as aforesaid, and are unable to do so, and that plaintiff is entitled to be refunded the amount so deposited.
For answer defendants aver that plaintiff, by a written contract, agreed to purchase the contents of an apartment and rooming house for the price of $1,400 cash; that the deposit as alleged was received by them; that prior to said contract being approved and signed by plaintiff, the latter was duly informed of the terms and conditions of the lease to be transferred to her, to which she expressed satisfaction; that on the date of the execution of the proposed sale of the movables so agreed upon, plaintiff objected to the terms and conditions of the building lease, particularly to the clause therein granting unto the owner the privilege of cancelling the same upon sixty days advance notice, resulting in the refusal of plaintiff to consummate the sale, despite defendants' alleged willingness and readiness to carry out the agreement entered into between the parties.
Judgment was rendered in favor of plaintiff as prayed for and defendants have appealed.
Defendants, in this Court, have urged, without the filing of a formal plea, an exception of no right of action in the plaintiff, and, in support of that exception, contend that this being a suit for the recovery of a community asset, such suits must, and, in this instance, can only be prosecuted by, and in the name of, the husband, as head of the community and that plaintiff, as the wife of Peter A. Hand, is incompetent to stand in judgment therefor.
Of necessity, counsel for plaintiff does not contest the amply proven fact that the deposit of $140 here sought to be returned, formed part of, and was an asset of the community of acquets and gains then existing between plaintiff and her husband, and *Page 274 
hence a community claim. It is necessarily admitted that the amount sued for was paid out of community funds, earned while plaintiff and her husband were living together, and that the community, at the time of the filing of this suit had not been dissolved. The record is replete with proof to the effect that it was plaintiff's husband, Peter A. Hand, who commenced the negotiations with Joseph C. Noto leading up to the signed agreement; that his personal funds were used in effecting the transaction and sent by him through an intermediary to defendants, and that the agreement to purchase was for his ultimate benefit. The fact that plaintiff, with the aid of her mother, conducted the remaining negotiations with defendants, cannot alter the legal aspects of the case.
It is axiomatic in our law, a doctrine deeply embedded in our jurisprudence, that in all suits for the restitution of community assets or debts due to the community, an action for the recovery thereof must be prosecuted by the husband, as head of the community, and the wife cannot stand in judgment therefor. The vindication of community rights, as is here involved, is vested alone in the husband. This doctrine is sustained by our codal law and by an unbroken and uniform line of decisions, and none need be cited to support it.
Being a community asset or debt allegedly due the community, this suit cannot be maintained in the name of the wife, Mrs. Peter A. Hand, but must be prosecuted by her husband.
But counsel for plaintiff argues that the exception of no right of action contended for by defendants can only be filed and disposed of on the face of the pleadings and before issue is joined and the merits heard, and that we are precluded from considering and disposing of this exception on the testimony adduced on a trial of the merits. In other words, it is her contention that we are legally powerless to inquire into the testimony contained in the record, in disposing of this exception, but must limit ourselves only to the face of the pleadings. In support thereof, plaintiff relies upon the case of Roy v. Mutual Rice Co. of Louisiana, 177 La. 883, 149 So. 508, 510, wherein she refers to a statement by the Supreme Court as follows:
"We wish, at the outset, to make it very plain that, in considering the exception of no right or cause of action in this case, the allegations of well-pleaded facts as set forth in plaintiff's petition must be taken as true, for the purpose of disposing of this exception, and not the facts found by the Court of Appeal, First Circuit, in passing upon the merits of the case".
It cannot be disputed that an exception of no right of action may be filed at any stage of the cause. Articles 345, 346 and 902 of the Code of Practice.
In the early case of Brown v. Saul, 4 Mart., N.S., 434, 16 Am.Dec. 175, the court said:
"A total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by the courts of justice, at any stage of a cause".
The exception of no cause of action and of no right of action, though very similar in their respective functions and usually employed as joint remedies, have distinguishing features. Our Courts have recognized their dissimilarity. Thus, where the petition sets forth a cause of action, but the plaintiff is without right to institute the suit and stand in judgment, it is thus subject to an exception of no right of action. This distinction was made in the case of Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715. Also see Tulane Law Review, Volume 9, pages 27-29. The author of the treatise appearing in the latter citation referred to the Succession of Howell, 177 La. 276,148 So. 48, as an excellent illustration of the difference between the two exceptions wherein the petition, though stating a cause of action, disclosed a total lack of any right of action, the question therein involved being the right of the wife, as is here presented, to seek recovery of earnings which were clearly community assets.
It can neither be disputed that an exception of no cause of action should be tried and disposed of on the face of the pleadings, without the necessity of the introduction of evidence, and independently of any other matter of defense. This form of procedure, however, is not all-embracive as to the other peremptory exceptions, such as an exception of no right of action. In considering and disposing of an exception of no right of action, the pleadings standing alone may serve as a sufficient basis. On the other hand, testimony may be heard preliminarily to a trial of the merits (Soniat et al. v. White, Tax Collector et al., 153 La. 424, 96 So. 19), or, as in the instant case, where a cause of action is stated with *Page 275 
nothing in the pleadings to indicate the lack of total right of the plaintiff to prosecute the suit, courts are authorized, after a hearing on the merits, to entertain an exception of no right of action, and, if sustained by the record, to thereupon deny plaintiff the right of recovery.
In the case of LaCasse v. New Orleans, T. M.R. Co.,135 La. 129, 64 So. 1012, the plaintiff brought suit for damages under a statute giving a right of action to a widow for the death of her husband caused by the negligence of another. Under the superseding Federal Employers' Liability Act, 35 Stat. 65, c. 149, 45 U.S.C.A. § 51 et seq., the widow was deprived of such a right of action, it being required that the suit be brought for her benefit by the personal representative of the decedent. In that case, nothing on the face of the petition indicated under which one of these statutes the demand came. Issue was joined on the merits without any exception of the right of the plaintiff to stand in judgment in the suit. When the appeal was heard by the Supreme Court, an exception of no right of action in plaintiff was filed by defendants contending that the testimony on the facts surrounding the accident established that the case came under the federal statute, and only the personal representative of the decedent could bring the suit. The Supreme Court, after recognizing the right of the defendants to urge the exception on appeal, and after reviewing the testimony to determine the merits of the exception, concluded that the case did not come under the federal statute, and plaintiff had the right to prosecute her demand as filed. See Penny v. N.O. Great Northern, 135 La. 962, 66 So. 313.
In the case of Anderson v. Harvey Jones et al., La.App., 154 So. 495, an exception of no cause of action was filed in limine which, without objection, was referred to the merits. On the trial of the case on the merits, defendant did not preserve its exception by timely objection to any evidence. The Court of Appeal, in that instance, proceeded to pass upon the exception after considering all of the evidence in the case.
It has been repeatedly held that where an exceptor permits the case to be tried without insisting on the disposal of his exception, and no objection is urged to the testimony adduced, he thereby permits the pleadings to be thus enlarged. Bell v. Globe Lumber Co., 107 La. 725, 31 So. 994; McQueen v. Tremont Lumber Company, La.App., 151 So. 683. By the same token, if the evidence thus adduced shows a complete absence of right in a plaintiff to prosecute his suit, surely the pleadings have been thus enlarged by the evidence, and should the record disclose a complete lack of right, manifestly we would be justified in dismissing the suit.
In the instant case, the face of the pleadings clearly showed a cause and right of action in plaintiff. Presented with these affirmative allegations, the defendant joined issue on the merits, without questioning the right of plaintiff to stand in judgment. From the testimony adduced, it is manifest that there is a total absence of right on the part of the plaintiff to institute this suit or to stand in judgment therefor. If, therefore, the plaintiff were to prove that defendants are justly indebted in the amount sued for, and should be ordered to return the amount so deposited, she would not be entitled to a judgment in her favor, since the record clearly shows that the demand is one for a restitution of a community asset, the recovery of which is vested by law exclusively in the husband, as head of the community.
No exception of no right of action was filed below and none in this court, nevertheless, the obligation of the plaintiff is to make her case legally certain including, of course, a demonstration of her right to prosecute the action she brings. She alleges that she is entitled to and has the legal right to recover from the defendants, but the proof offered in support of these allegations shows very clearly that she is not entitled to recover because the claims which she makes her cause of action can only be asserted by her husband, who is the head and master of the community and, therefore, the allegata and probata do not correspond. As was very well said in a very early case decided in 1826, Brown Sons v. Saul et al., 4 Mart.,N.S., 434, 16 Am.Dec. 175:
"It is perhaps a rule, almost without exception, that all objections to the personal capacity of a suitor to appear in justice, should be made in limine litis. All dilatory and declinatory pleas ought to precede the contestatio litis; and even peremptory exceptions should be regularly pleaded; but a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause. *Page 276 
They should not remain silent spectators of infringements of the true principles of laws, which they are appointed to administer."
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendants dismissing plaintiff's suit.
Reversed.