McBRIDE, Judge.
Plaintiff, styling herself .“Mrs. Josephine Cásente,” filed suit claiming of defendant the sum, of $293.65, allegedly being the amount due for groceries sold and delivered to defendant. She recovered judgment for part of the claim, and defendant has appealed.
Appellant in this court has filed an exception to plaintiff’s right to bring this suit, or to stand in judgment, on the ground that the claim is’an asset of the community of acquets and gains existing between the plaintiff and her husband and is one that can' be sued for by the husband only.
It cannot be disputed that an exception of no right of action or want of capacity may be filed at any stage of the proceedings. Arts. 345, 346, Code Prac.; Brown v. Saul, 4 Mart., N.S., 434. The suit can be disposed of on the exception.
The legal presumption is that the community of acquets and gains exists between the spouses, and that all property which the husband arid wife own is comriion effects or gains, unless it be satisfactorily proved otherwise. This presumption dispenses those claiming community rights, or asserting community obligations, from all *330 other proof, and it is incumbent on those denying the community and asserting the property or funds to be the separate estate of the wife to prove affirmatively that such is the case. LSA-C.C. arts. 2399, 2402, 2405; Succession of Manning v. Burke, 107 La. 456, 31 So. 862; Cameron v. Rowland, 215 La. 177, 40 So.2d 1. Plaintiff does not allege, nor has she proven that she is living separate and apart from her husband, or that she is separated in property from him, or that the community has been dissolved. Nor is there any allegation or evidence that there is a marriage contract between them, or that the business is her own paraphernal venture, or that she trades as a public merchant. The testimony of plaintiff’s husband tends to show the contrary; he works in the store and says he delivered some of the merchandise to defendant.
In order to avoid the effects of the exception, counsel for plaintiff argues that there is evidence in the record sufficient to affirmatively prove that the store was in fact plaintiff’s separate business, and refers to a question he asked of plaintiff: “Mrs. Cásente, what is your business?” and her reply, “Grocery and market.” We are sure that this meager and incidental bit of testimony is insufficient to rebut the presumption that the debt now sued for belongs to the community. This being so, the suit for the restitution of the community asset could only be prosecuted by the husband in his role of head and master of the community, and the wife is inhibited from standing in judgment. LSA-C.C. art. 2404; Delpido v. Colony, La.App., 52 So.2d 720; McDaniels v. Doll, La.App., 40 So.2d 530; Hand v. Coker, La.App., 11 So.2d 272; Anderson v. Edmondson, La.App., 8 So.2d 131; Smith v. Brock, La.App., 200 So. 342; Riche v. Ascension Parish School Board, La.App., 200 So. 681; Coker v. Harper, 8 La.App. 402.
In Succession of Manning v. Burke, supra, the Supreme Court said: [107 La. 456, 31 So. 864.]
“And when a married woman, not 'separate in property, is engaged in trade, she is presumed, in the absence of proof to the contrary, to trade on the funds of the community and the assets in her hands are those of the community. Pendergast [Prendergast] v. Cassidy, 8 La.Ann. 96.”
Therefore, the judgment appealed from is reversed, and it is now ordered that the exception filed by appellant be sustained, and the suit is dismissed, plaintiff to pay the costs of both courts.
Reversed.
REGAN, J., absent, takes no part.