On Rehearing
PER CURIAM.
Coincidental with the filing of an application for rehearing, there has been filed in this court on behalf of defendant an exception of no right and no cause of action. This exception is directed to the contention that plaintiff, a married woman, was lacking in capacity to prosecute the instant suit, a petitory action involving title to property, inasmuch as property acquired by either spouse during the existence of the marriage is presumed to fall into the community of acquets and gains, with respect to which only the husband, as head and master of the community, is authorized to institute suit.
Despite the entitlement of the pleading as an exception of no right and no cause of action, we construe it to be more appropriately an exception of want of capacity to sue. Such an exception, being dilatory in nature, must be filed in limine litis under the provisions of Articles 332 and 333 of the Code of Practice.
However, counsel for defendant urgently contends that the pleading presents the issue of a total want of the legal right of plaintiff to sue, which point is so vital that it should be noticed by the court even in the absence of any pleading, citing Hand v. Coker, La.App., 11 So.2d 272, 274.
Reference to the opinion in the Hand case establishes the fact that the rights therein sought to be recovered were, in the words of the court, “clearly community assets”. This is not so in the instant case, case. The petition alleges the plaintiff to be the owner of certain described property. On trial, and without objection, plaintiff introduced in evidence the deed under which she claimed title, in which it is clearly recited that the property was “to be her separate and paraphernal property, acquired with her own separate and paraphernal funds, under her own administration and control.”
Concededly the above quoted stipulation in the deed is not conclusive and is always subject to attack. But in the instant case no attack was made, nor did defendant make any effort to traverse the facts set forth in such recital.
Under these circumstances, as the case now stands, the record has established *470 the nature of the property as belonging to' the separate estate of plaintiff, thus overcoming the presumption of community ownership.- It follows that the exception should be, and accordingly it is, overruled.
Rehearing denied.