87 So.2d 743

Mrs. Nellie STEVENS

v.

Melvin F. JOHNSON.

No. 42539.

Feb. 20, 1956.

Rehearing Denied May 7, 1956.

Johnson & Morelock, Malcolm W. Feist, Shreveport, for defendant-relator.

Hobbs & Yeates, Minden, for plaintiff-respondent.

MOISE, Justice.

In the exercise of our supervisory control, Article VII, Sec. 11, Constitution of 1921–LSA, we granted writs to review a judgment of the Court of Appeal, Second Circuit, in favor of plaintiff, Mrs. Nellie Stevens, which reversed a judgment of the Twenty-Sixth Judicial District Court for the Parish of Webster in favor of the defendant, Melvin F. Johnson.

More time is sometimes spent in the battle of persuasion than in the adoption of the rules of guidance shown in the express law of the State.

The plaintiff, Mrs. Nellie Stevens, brought an action to be declared the owner of a certain piece of property described as follows:

"NW¼ of the NW¼ of Section (19), Township (17) North, Range (10) West, Webster Parish, Louisiana, containing 38¼ acres more or less."

Plaintiff and defendant both trace their title to tax sales, and it is necessary that we know the facts to which we can then apply the law.

In 1936 Nelson Burk was the owner of the property in question.

The property was put up for sale in 1937 for unpaid 1936 taxes. A man named Campbell purchased it in the name of his brother, Travis Campbell, and properly recorded the deed. The Campbells did not go on the property during the year 1937, nor did they exercise any act of ownership or possession over their property.

The property was again put up for sale in 1938 for unpaid 1937 taxes. Notice of tax sale was sent to Nelson Burk, who was then not the record owner of the property. Metz Abbitt purchased the property with this infirmity and immediately recorded his deed.

Metz Abbitt, who testified that he collected rent from Burk but which proof of collection was not convincing, sold this property to Iva E. Johnson on January 6, 1943. The deed was recorded on the same day. This sale was made a little less than five years after Abbitt's purchase, but more than five years after purchase in the name of Travis Campbell.

On August 31, 1945, Iva E. Johnson sold the property to the plaintiff, Mrs. Nellie Stevens, and since that time she and her vendors have exercised civil possession.

On March 11, 1946, Travis W. Campbell quit-claimed the property to Melvin E. Johnson, who thereafter exercised physical possession of the property.

In his answer the defendant urged that since notice of the tax sale in 1938 was sent to Nelson Burk instead of to the record owner, Travis Campbell, the sale to Metz Abbitt was null. He also pleaded the prescription of five, ten and thirty years.

The trial judge held that since Nelson Burk (the record owner in 1936) re-

mained on the property until his death in 1946, such constituted possession which suspended the peremption set forth in Article X, Sec. 11 of the Constitution of 1921, which reads:

"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given. * * *"

His Honor below lost sight of the fact that Nelson Burk was not possessing as record owner; he was merely staying on the property at the ill-will of Metz Abbitt, who was endeavoring to have him evicted. Therefore, we agree with the Honorable Court of Appeal, Second Circuit, that the above ruling made by the trial judge constitutes manifest error.

▮ Travis Campbell lost the property by the 1938 tax sale. Since he never possessed the property nor paid any taxes thereon, he had no further right to it in 1943. Therefore, at no time was peremption suspended as to Metz Abbitt.

▮ "This constitutional peremption applies to all tax sales except those specifically excepted therein and those

where the tax debtor remains in corporeal possession of the premises. * * * This constitutional provision announces the public policy of this State to set at rest tax titles once and for all." King v. Moresi, 223 La. 54, 64 So.2d 841, 842.

▮ In 1943 the infirmity in Abbitt's title was cured by the peremption of five years. Meshell v. Bauer, 215 La. 619, 41 So.2d 237; Succession of Terrell v. Buckner, La.App., 176 So. 666; Prampin v. Southern Chemical Works, Inc., La.App., 53 So.2d 210; Ward v. South Coast Corporation, 198 La. 433, 3 So.2d 689.

▮ Metz Abbitt's registry of his deed and his payment of taxes constituted civil possession, which was sufficient possession of the property. Cortinas v. Murray, 224 La. 686, 70 So.2d 589.

On application for a rehearing in the Court of Appeal, Second Circuit, the defendant filed an exception of no cause or right of action, and the major portion of his contention in this Court is directed to that exception. He contends that since plaintiff was a married woman she was lacking in capacity to prosecute a petitory action involving title to property, inasmuch, as property acquired by either spouse during the existence of a marriage is presumed to fall into the community, to which only the husband, as head and master of the community, is authorized to institute suit. We do not construe this exception

as peremptory. It is an exception of want of capacity to sue, which, being dilatory, must be filed in limine litis. Article 332 of the Code of Practice reads:

"Dilatory exceptions are such as do not tend to defeat the action, but only to retard its progress; declinatory exceptions have this effect, as well as the exception of discussion opposed by a third possessor, or by a surety, in an hypothecary action, or the exception taken in order to call in the warrantor."

Article 333 of the Code of Practice reads:

"It is a rule which governs in all cases of exceptions, except in such as relate to the absolute incompetency of the judge before whom the suit is brought, that they must be pleaded specially in limine litis, before issued joined, otherwise they shall not be admitted.

"Hereafter no dilatory exceptions shall be allowed in any case after a judgment by default has been taken; and in every case they must be pleaded in limine litis and at one and the same time, otherwise they shall not be admitted; nor shall such exceptions hereafter be allowed in any answer in any cause."

■■ We have held that after default an exception as to the right and capacity of plaintiff to sue comes too late. Parish of St. John the Baptist v. Shexnaydre, 34

La.Ann. 850. A denial to plaintiff's capacity to answer is insufficient. It should have been pleaded in limine litis before answer filed. Dunlevy Packing Co. v. Juderman, 1 La.App. 476; McDonald v. Burns, 2 La. Ann. 1; Powe v. Morgan's La. & T. R. R. & S. S. Co., 7 La.App. 51; Bagala v. Kimble, 225 La. 943, 74 So.2d 172.

On trial, without objection, plaintiff introduced in evidence the authentic act under which she claimed title, which recited that the property was to be her separate and paraphernal property acquired with her own separate and paraphernal funds under her own administration and control. Of course, such a stipulation in a deed is not always conclusive and is subject to attack, but in the instant case the defendant made no effort whatsoever to traverse the facts set forth in said title. Under these circumstances, the record having established the nature of the property as belonging to the separate estate of plaintiff, thus overcoming the presumption of community of ownership, it follows that the Court of Appeal, Second Circuit, properly overruled the exception.

■ In his answer to plaintiff's petition, defendant reconvened and asked that he be remunerated for expenses and taxes paid on the property. Under Article X, Sec. 11, of the Constitution of 1921, it is provided:

"* * * No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, with ten per cent per annum interest on the

amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser; * * *."

We have recently held in Thurmon v. Hogg, 225 La. 263, 72 So.2d 500, that the above provision does not apply to the vendee or transferee of the tax purchaser. Therefore, the cancellation of the tax deed to Travis Campbell and his quit-claim deed to Iva E. Johnson cannot be predicated upon plaintiff's payment of taxes.

Defendant did not prove the expenses alleged to have been incurred by him, and the Court of Appeal, Second Circuit, was correct in disallowing them.

For the reasons assigned, the judgment of the Court of Appeal of the Second Circuit, decreeing Mrs. Nellie Stevens to be the true and lawful owner of the following described property

"NW¼ of the NW¼ of Section (19), Township (17) North, Range (10) West, Webster Parish, Louisiana, containing 38¼ acres more or less."

and as such entitled to the full and undisputed possession thereof, is affirmed; all costs to be paid by defendant.

HAMITER and McCALEB, JJ., concur in the decree.

On Application for Rehearing.

PER CURIAM.

We are of the opinion that the judgment of the Court of Appeal as well as the judgment of this court on original hearing with reference to the tax title is correct.

■ However, we have given more thought to the nature of the exception which the defendant in this case filed in the Court of Appeal on application for rehearing, and have decided, contrary to our original opinion, that an exception which questions the right or interest of a married woman to file a petitory action and stand in judgment is the peremptory exception of want of interest, or no right of action, and not the dilatory exception of want of capacity.

■ It is clear that the dilatory exception of want of capacity is not involved here, as the exception of want of capacity puts at issue only the procedural capacity of the plaintiff, and does not raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. See Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; McMahon, Parties Litigant in Louisiana, The Exception of Want of Capacity, 11 Tul.L. Rev. 538, 546–547. On the other hand, the exception of want of interest, or no right of action, does raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Art. 15, La. Code Prac.; Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753. Moreover, the exception of want of interest, or no right of action, is a peremptory exception which can be filed at any time before definitive judgment by the court of last re-

sort, and which will even be noticed by the court ex proprio motu if necessary. Brown v. Saul, 4 Mart.,N.S., 434; State v. Desforges, 5 Rob. 253; see McMahon, Parties Litigant in Louisiana, The Exception of Want of Interest, 11 Tul.L.Rev., 527–538.

In Succession of Howell, 177 La. 276, 148 So. 48, this court held that an exception challenging the right of a married woman to sue and stand in judgment is the peremptory exception of no right of action (want of interest), and not the dilatory exception of want of capacity. See also Smith v. Brock, La.App., 200 So. 342; Hand v. Coker, La.App., 11 So.2d 272; Casente v. Lloyd, La.App., 68 So.2d 329.

 After further thought we have also concluded that we erred in our original opinion in holding that the plaintiff in this case established the property in dispute as belonging to her separate estate simply by introducing in evidence—without objection by the defendant—the deed to the property, which is in her name and which contains the statement that the purchase is being made with separate and paraphernal funds for her separate estate.[1] It is elementary that a recitation of paraphernality in a realty deed does not affect the presumption which exists in this state that property purchased in the name of either spouse during the marriage is community property. Houghton v. Hall, 177 La. 237, 148 So. 37;

Johnson v. Johnson, 213 La. 1092, 36 So.2d 396; Succession of Le Jeune, 221 La. 437, 59 So.2d 446.

 In this court respondent, Mrs. Nellie Stevens, filed a motion praying that we remand the case to the lower court so that evidence might be adduced on the exception of no right of action filed by relator, and she annexed to her motion affidavits in support of her contention that the property here involved was acquired with separate and paraphernal funds. As this is a court of appellate jurisdiction, we cannot consider these affidavits in these proceedings. However, instead of granting a rehearing in this case we have decided to remand it to the lower court so that relator's exception of no right of action may be tried, evidence adduced, and a ruling obtained from the trial judge on this issue. See Art. 346, La.Code Prac.; Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358.

We realize that our procedure in this case is unusual. However, in the interest of justice and under the special circumstances here existing we think it best to remand the case for trial of the exception. If this land is in fact the separate property of Mrs. Stevens, she has the right to recover it in a petitory action.

This case is ordered remanded to the Twenty-Sixth Judicial District Court for the Parish of Webster solely for trial and

[1] This is the only evidence in the record which tends to show whether this is separate or community property.

decision on the exception of want of interest, or no right of action. The district judge is to dismiss this suit if the exception is well founded.

HAMITER, Justice (dissenting).

While I agree with the legal pronouncements contained in the per curiam issued by the majority in connection with a refusal of a rehearing, I am of the opinion that in the interest of orderly and proper procedure a rehearing should be granted. The granting of it would result in the vacating or setting aside of our original decree which overruled the exception of no right of action—a prerequisite for permitting any further consideration of that exception.