HAWTHORNE, Justice.
Mrs. Myrtis Mitchell, a married woman living with her husband, instituted this suit 'to recover from the First National Life Insurance Company the sum of $37.50 per week from September 27, 1954, until paid as continuing wages under the provisions of R.S. 23:631 and 632.[1]
Plaintiff, who was employed to do clerical work by defendant, bases her claim on the fact that her employment was terminated effective October 2, 1954, that her employer in spite of demand has failed to pay the amount due under the tenms of her employment, and that consequently she should recover continuing wages under the provisions of the statute cited above. From a judgment rejecting her demand for continuing wages and attorney’s fees plaintiff has appealed.
Appellee has filed in this court an exception of no right of action, which in our opinion is well founded and will be sustained. The' exception is based on the legal proposition that the claim which the wife is here asserting belongs to the community existing between her and her husbend, Henry Mitchell, and is not the separate property of plaintiff. The continuing wages, if recoverable, would be a community asset. Accordingly the husband as head and master of the community must bring suit for this claim, for the wife cannot stand in judgment here. Art. 107, La. Code Prac.; Mitchell v. Dixie Ice Co., 157 La. 383, 102 So. 497; Houghton v. Hall, 177 La. 237, 148 So. 37; Succession of Howell, 177 La. 276, 148 So. 48.
In argument before this court appellant contends that the exception filed by appellee in this court cannot be considered because it is a dilatory exception of want of capacity and had to be filed in limine litis. What we said in our per curiam in Stevens v. Johnson, 230 La. 101, 87 So.2d 743, 748, is pertinent here:
*549 “It is clear that the dilatory exception of want of capacity is not involved here, as the exception of want of capacity puts at issue only the procedural capacity of the plaintiff, and does not raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. See Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; McMahon, Parties Litigant in Louisiana, The Exception of Want of Capacity, 11 Tul.L.Rev. 538, 546-547. On the other hand, the exception of want of interest, or no right of action, does raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Art. 15, La. Code Prac.; Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753. , Moreover, the exception of want of interest, or no right of action, is a peremptory exception which can be filed at any time before definitive judgment by the court of last resort, and which will even be noticed by the court ex proprio motu if necessary. Brown v. Saul, 4 Mart., N.S., 434; State v. Desforges, 5 Rob. 253; see McMahon, Parties Litigant in Louisiana, The Exception of Want of Interest, 11 Tul.L.Rev., 527-538.
“In Succession of Howell, 177 La. 276, 148 So. 48, this court held that an exception challenging the right of a married woman to sue and stand in judgment is the peremptory exception of no right of action (want of interest), and not the dilatory exception of want of capacity. See also Smith v. Brock, La.App., 200 So. 342; Hand v. Coker, La.App., 11 So.2d 272; Casente v. Lloyd, La.App., 68 So.2d 329.”
In support of her contention that she herself had a right to institute this suit and stand in judgment, appellant cites the case of State ex rel. Fields v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312. That was a mandamus proceeding for reinstatement of a teacher under the Teachers’ Tenure Law and for back salary, and was brought by the husband of the teacher. This court held that the wife was the proper party to bring the suit because the right of tenure and reinstatement in the event of unlawful discharge was purely personal to the teacher and was not a community asset, and that the claim for back salary was merely ancillary to the principal demand for reinstatement. In the course of the opinion this court pointed out that because the right of a permanent teacher to the protection afforded by the Teachers’ Tenure Act was a personal one, it could not be asserted by her husband in her behalf. We are in entire accord with that statement.
However, the continuing wages authorized by R.S. 23:631 and 632 and sought in the present case are not incidental to a claim for reinstatement. Consequently the ruling of the Rapides Parish School Board case is without application here.
The exception of no right of action is maintained, and appellant’s suit is dismissed at her costs.

. The claim in this case is sufficient to give us appellate jurisdiction.