LOTTINGER, Judge.
This is a suit filed jointly by (1) The Annual Mississippi Conference of Methodist Protestant Church, an unincorporated voluntary religious association with its domicile in the County of Covington, State of Mississippi; (2) by the Board of Trustees of the Annual Mississippi Conference of the Methodist Protestant Church, an unincorporated voluntary religious association, with its domicile in the County of Lawrence, State of Mississippi; (3) by Rev. F. Elbert Sellers, a resident of lawful age of the County of Lawrence, State of Mississippi in his capacity as President of the Annual Mississippi Conference of the Methodist Protestant Church and as Chairman and Member of the Board of Trustees of the Annual Mississippi Conference of the Methodist Protestant Church, for the use and benefit of the Annual Mississippi Conference of the Methodist Protestant Church; (4) by Wyatt U. Wal-ley, a resident of lawful age of the County of Forrest, State of Mississippi, in his capacity as Member of the Board of Trustees of the Annual Mississippi Conference of the Methodist Protestant Church, for the use and benefit of the Annual Mississippi Conference of the Methodist Protestant Church; and (5) by Rev. Elmer W. Roebuck, a resident of lawful age of the Parish of East Baton Rouge, State of Louisiana, in his capacity as Member of the Board of Trustees of the Annual Mississippi Conference of the Methodist Protestant Church, for the use and benefit of the Annual Mississippi Conference of the Methodist Protestant Church. The defendants are (1) The First Methodist Protestant Church, an unincorporated voluntary religious association, with its domicile in the Parish of East Baton Rouge, Louisiana, Rev. Victor E. Coursey its Managing Official; (2) The First Methodist Protestant Church of Baton Rouge, Louisiana, Inc., sometimes also known as the First Methodist Protestant Church, Inc. of Baton Rouge, Louisiana, a non-profit corporation organized and existing under the laws of the State of Louisiana, with its legal domicile in the Parish of East Baton Rouge, Louisiana; and (3) The First Congregational Methodist Church of Baton Rouge, Louisiana,' a non-profit corporation organized and existing under the laws of the State of Louisiana, with its legal domicile in the Parish of East Baton Rouge, Louisiana.
The petition discloses that the Methodist Protestant Church is a religious association, or denomination, existing in the United States of America, and the general conference thereof is the governing body, legislative, judicial, and executive, of the entire association. The entire church and its general conference are bound and regulated by the Constitution and Discipline of said church or denomination, which Constitution and Discipline was last promulgated and revised by the general conference during the year 1952. The church or denomination is divided into districts, one of which district is known as the Mississippi Conference District which includes the entire State of Mississippi, that part of the State of Louisiana lying east of the Mississippi River, and a portion of the State of Alabama. The annual Mississippi Conference of said church or denomination is the governing body, legislative, judicial and executive of said district, and the said Annual Mississippi Conference is regulated by the Constitution and Discipline of the church as last promulgated and revised by the general conference during the year 1952. The Mississippi Conference District is divided into stations, circuits and missions, a local or individual church being the same as a “station”. The First Methodist Church, the unincorporated religious association made of one of the defendants herein, was a station within the Mississippi Conference District.
As stated before, every station or church of the denomination, in order to come into existence and to continue in existence, is bound and regulated by the Constitution and Discipline of the denomination. Failure to conform thereto can result in ex *258 pulsion from the said denomination. The Constitution and Discipline provides that whenever a church or station is declared extinct, the property of said church or station shall vest in the Annual Conference to be used in the purposes of the denomination.
The Constitution and Discipline provides that each station or church has the power to purchase, mortgage, sell or otherwise deal with immovable and movable property for the use and benefit of the denomination. Each church or station has a Board of Trustees whose duty within each said station or church is to hold the property of the said church in trust for the use and benefit of the denomination. The Trustees have the power to purchase, mortgage, sell or otherwise deal with the property in trust for the use and benefit of said denomination when authorized to do so by a majority of the members of the station or church. They have no power to divert said property or the proceeds thereof from the said denomination or from the use and benefit thereof. The petition alleges that the First Methodist Protestant Church, unincorporated, one of the defendants herein, has sold and purchased property, in which sale or purchase the said church failed to declare that the property was purchased and sold for and to be held in trust for the use and benefit of the said denomination, and has therefore evidenced a determination not to conform to the Constitution and Discipline of the denomination.
Because of the failure of the said defendant to comply with the rules and regulations of the general church or denomination, proceedings were taken against the said defendant wherein the Annual Mississippi Conference appointed a trial committee to investigate and hold a trial of the charges which had been brought against the said church, as a result of which trial the said committee found that the charges were substantiated, and the committee therefore declared the said church or station to be extinct. In its report the committee recommended that the Mississippi Annual Conference authorize the Annual Conference Trustees to take any necessary legal steps to recover the proceeds from the sale of the said church property.
All of the above information is secured from the very lengthy petition which was filed in this matter. Article 23 of the said petition, in setting forth the Constitution and Discipline of the denomination provides as follows:
“No church or station shall be considered officially extinct until so declared by the Annual Conference.”
The defendants filed three exceptions, namely, an exception of non-joinder of parties plaintiff, an exception of mis-joinder of parties plaintiff, and an exception of lack of capacity. The exceptions were maintained by the Lower Court, and this appeal was taken by the petitioners after the Lower Court refused to grant a rehearing.
It appears that a fatal defect is apparent on the face of the petition filed by petitioners, which is of such a nature as to justify us in maintaining the ruling of the District Court insofar as the exception of lack of capacity is concerned. However, this particular defect was evidently not considered by the Lower Court as it was not mentioned in its reasons for judgment. Article 23 of the petition provides that no church or station shall be considered officially extinct until so declared by the Annual Conference. Article 26 of the same petition alleges that the committee which was appointed to hold a hearing on the charges filed against the defendant was the party that declared defendant to be no longer in connection with the denomination, and a report of this trial committee, which is attached to the petition, shows that it was the trial committee- which declared the above named church extinct, and authorized the Annual Conference Trustees to take the necessary legal steps to recover the proceeds from the sale of the said church property. It appears that no action was ever taken on the part of *259 the Annual Mississippi Conference to declare the defendant extinct, as is required by the Constitution and Discipline of the denomination other than just the Trial Committee. It is, therefore, our opinion that the procedural capacity of the petitioner is defective, and the exception of lack of interest, or no right of action, should be maintained. A very excellent discussion of the aspects of the exception of want of capacity is given in Tulane Law Review, Volume 11, Page 538, as well as on the decision on rehearing in the suit entitled Stevens v. Johnson, 230 La. 101, 87 So.2d 743.
It is, therefore, our opinion that the judgment rendered by the Lower Court was correct, and will be maintained. All costs of this appeal to be paid by petitioners.
Judgment affirmed.