## JOHN D. DICKERSON v. MICHAEL GORDY.

Where plaintiff, who had been employed by defendant as a physician, sues for the value of his services, and defendant pleads that plaintiff was not licensed to practice, the burthen of proving that he was not so authorized will be on the defendant, he having employed the plaintiff as such.

Persons practising as physicians without having been licensed as required by law, can claim no compensation for their services.

No action will lie on a contract the consideration of which is prohibited by law, or which originated in the violation of any statute. C. C. 1887, 1889.

APPEAL from the District Court of St. Mary, *Campbell*, J.

MORPHY, J.   The petitioner seeks to recover $1117 50, for medical services rendered to the family, and especially to the wife of the defendant.   The latter excepted to the petition, as not containing an averment, that the plaintiff was a duly authorized physician.   This exception having been overruled, the defendant pleaded the general issue, specially averring, that the plaintiff had no license to practice as a physician, and propounding to him interrogatories to ascertain whether he was a physician licensed by either of the Medical Boards of Louisiana, to practice within the State.   Although ordered to answer these interrogatories, the petitioner failed so to do.   The case was tried by a jury, who brought in a verdict of $308 29, in favor of the plaintiff.   Judgment having been entered accordingly, this appeal was taken by thé defendant.

The defendant having employed the plaintiff as a physician, the burthen of proving that he was not legally authorized to practice, as such, rested on the former.   11 Mart. 21.   To make such proof, he propounded interrogatories to him, from the plaintiff's failure to answer which, the fact of his having no license to practice physic must be taken as confessed.   Code of Practice, art. 349.   7 La. 523.   10 La. 551.   Our laws punish, with fine and imprisonment, any person who practices as a physician in this State, without having obtained a license so to do from one of the Medical Boards authorized to deliver licenses to that effect.   B. & C.'s Dig. 672, 673.   Persons practising as physicians without a license, can lawfully claim no remuneration for their services as such.   There is no principle better settled, than that no action can lie on a contract, the consideration of which is prohibited by law.   We cannot listen to a claim which originates in the violation of our statutes.   Civil Code, arts. 1887, 1889.   As, however, the plaintiff's failure to produce a license may have proceeded only from neglect, we will reserve to him his claim, if he can legally assert it, by rendering a judgment of nonsuit.

It is, therefore, ordered, that the judgment of the District Court

be reversed, and that there be judgment as in case of nonsuit, with costs in both courts.

*W. C. Dwight,* for the plaintiff.

*Gibbon,* for the appellant.