No. 1761.—CHARLES CASE, Receiver of First National Bank of New Orleans v. ROBERT WATSON and JAMES E. DUNHAM.

Evidence is not admissible to establish facts set up in an exception filed after issue has been joined by the filing of an answer.

The maker of a promissory note cannot set up in defense to its payment that the holder is not the true owner, unless he show that the assignment or tranfer is fictitious and fraudulent, and made to deprive him of substantial defense against the true owner.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. J. D. Rouse* and *George L. Bright*, for plaintiff and appellee. *Fellows & Mills*, for defendants and appellants.

TALIAFERRO, J. The plaintiff, as indorsee of a promissory note drawn by Watson, one of the defendants, to the order of his codefendant, Dunham, for the sum of $1300 (thirteen hundred dollars), brought this action against the maker and indorser. The defendants answered by general denial—admitted signing the note, but specially denied the right or capacity of the plaintiff to stand in judgment, and that the plaintiff is receiver as he sets himself out to be.

They aver that no receiver of the First National Bank has ever been legally appointed. The defendant Watson afterwards filed a supplemental answer and exception, the substance of which is, that all the proceedings relating to the taking possession by an officer of the treasury department, of the assets, books, records and archives of the bank were irregular, illegal and null and void. That the bank has never been put in default as required by the currency act of the United States; that the officers of the bank have been kept forcibly from the charge and control of the bank and assets, etc.

On the trial of the case, the defendant Watson offered evidence to prove the allegations contained in this supplemental answer and exception, which being objected to on the ground that defendant had no right to set up in this action any of the allegations so made, and on the further ground that the matters so set up in the exception could not be pleaded after answer filed, the court sustained the objections and excluded the testimony, and the defendant reserved a bill of exceptions. We think the ruling of the court correct.

There was judgment for the plaintiff and the defendant, Watson, has appealed.

There is no error in the judgment. The defendant does not pretend that the note sued upon has been lost or stolen, or that he has equities against the real owner, or any other ground whatever that can be considered a legitimate defense.

It has been repeatedly decided that a defendant has no right to inquire whether plaintiff, in whom the legal title appears to be vested, be an agent or real owner, unless, by a fictitious assignment, it be attempted to deprive him of substantial grounds of defense which he may have against the true owner. He would be protected by a payment of the note to the plaintiff, and it is of no importance to him whether the plaintiff be the receiver of the bank or not. The authorities on the point are numerous. 3 N. S. 291, 392; 4 N. S. 107; 2 L. R. 263; 4 L. 220; 14 L. 254; 2 An. 441; 11 An. 689; 19 An. 182; 18 L. R. 94; 20 An. 24.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.

Messrs. Justices Howell and Howe recused.