**(129 So. 139)**
**GRANTZ v. LEVY.**
No. 30387.

June 2, 1930.

R. A. Tichenor, of New Orleans, for appellant.

Edward Rightor and Solomon S. Goldman, both of New Orleans, for appellee.

ST. PAUL, J.

Plaintiff, a married woman, sues as the holder of a certain promissory note drawn by defendant to his own order and by him indorsed. She alleges that the note is her separate property, acquired with her own separate funds.

Defendant admitted the execution of the note, but denied that it was the separate property of the plaintiff, and averred that it belonged to the community between plaintiff and her husband, and could be sued for only by him.

There was judgment for plaintiff on the face of the pleadings, and defendant appeals.

We think the judgment was correct; it was mere surplusage for plaintiff to allege that the note was her separate property. The note was payable to the holder thereof, and she was the holder.

Payment to her would have been a valid payment and a complete discharge of the drawer, no matter to whom the note belonged. R. C. C. art. 2145, subd. 1. And it is immaterial to defendant whether plaintiff was the real owner of the note sued on or only the agent of her husband, unless he had a defense against the latter; and this he does not set up in his answer. Hence his answer is not a sufficient defense, and judgment was properly rendered against him. Case, Receiver, v. Watson et al., 21 La. Ann. 731.

We see no reason, however, for inflicting damages for a frivolous appeal, since plaintiff is getting 8 per cent. on her money,

and 10 per cent. attorneys fees on the whole; and hence has suffered no damages.

Decree.

The judgment appealed from is therefore affirmed.