### J. C. YOCHIM CO., Inc., v. PIPER'S ESTATE.

#### No. 17156.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1939.

H. W. Robinson, of New Orleans, for appellant.

Wm. Boizelle, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit by a wholesale liquor dealer against the heirs of the late Charles C. Piper, for $241.91, the price of certain liquors alleged to have been sold to Piper at various times during the year 1936. Defendants deny liability upon the ground that the plaintiff was not licensed to sell at retail and prohibited from doing so, without a license by the laws of the State of Louisiana and of the City of New Orleans, consequently, if plaintiff sold liquor to Piper, as alleged, such sales were void and plaintiff without redress in law because the sales were made in violation of a prohibitory law.

There was ·judgment below in favor of defendants dismissing plaintiff's suit and it has appealed.

It is admitted that plaintiff was not licensed as a retail liquor dealer and that ordinarily plaintiff would not be able to recover, but it is contended that plaintiff believed that it was selling to the Piper Liquor Store, No. 4200 Magazine Street, in the City of New Orleans, of which Mrs. Martin, Piper's daughter, was the sole proprietor, which concern was licensed as a retail liquor dealer and that, therefore, it was in good faith in selling the liquor to Piper whom it subsequently discovered had no connection with the Piper Liquor Store.

The evidence convinces us that Mr. J. C. Yochim and Mr. Piper were intimate friends and that the Yochim Company, Inc., because of Mr. Yochim's friendship with Piper, sold the liquor to Piper. Mr. Yochim testified that the original billing of the merchandise was in the name of the. Piper Liquor Store, but an examination of the fourteen duplicate invoices introduced in evidence, on each of which there appears in lead pencil "C.C.P." or "O.K. C. C. Piper" and in two instances in type "Bought by Mr. Piper," we find that the original purchaser's name has plainly been erased and "Piper Liquor Store" typed over the erasure. In some instances the name "Piper" is still faintly, but clearly visible. In addition to this convincing evidence, Mrs. Martin, Fred S. Piper and Maurice Piper,, defendants, and children

of the deceased C. C. Piper, all testified that Mrs. Mazie Martin was the sole proprietor of the Piper Liquor Store; that their father had no authority to purchase liquor for account of the store and that the liquor, for the price of which this suit is brought, did not go into the store.

Our conclusion is that the plaintiff sold the liquor to C. C. Piper intentionally and under no misapprehension concerning his connection with the Piper Liquor Store.

The law on the subject is very clear and apparently not in dispute.

Act No. 24 of the 3d Extra Session of 1935, provides in Section 6 thereof that: "Any person who engages in any business described in this Act without having first paid the license herein levied, in accordance with the terms of this Act, shall be guilty of a misdemeanor and * * * fined not less than One Hundred ($100.00) Dollars, nor more than Five Hundred ($500.00) Dollars, or imprisoned not less than thirty (30) days nor more than six (6) months, or both * * * provided that each day that any such business is so conducted shall constitute a separate offense."

Section 1 of Act No. 1 of the 3d Extra Session of 1934, which amends Act No. 15 of 1934, § 4, provides: "Before engaging in the business of dealing, at retail, in any such malt, vinous, spirituous, alcoholic or intoxicating liquor, all retailers are required to and shall obtain, annually, dating from January 1st of each year, from the Supervisor of Public Accounts of Louisiana, before commencing business, a permit to conduct each such retail business and shall pay for each such permit the sum of five ($5.00) Dollars."

Section 1 of Act No. 15 of 1934, as amended by Act No. 6 of the 4th Extra Session of 1935, defines wholesale and retail dealers as follows:

" 'Wholesale dealer'. This term shall include those dealers who sell alcoholic beverages to other licensed wholesale dealers, or to licensed retail dealers for resale within the State of Louisiana, * *.

" 'Retail dealer'. This term shall include every dealer, other than a manufacturer or wholesaler, who shall sell, offer for sale, have exposed for sale, or have in his possession for sale, distribution, storage, use or consumption, any alcoholic beverages in any quantity."

Section 13 of the same Act provides that:

"Each of the following acts is hereby declared to be a misdemeanor and punishable as such, viz: [by fine of not less than $100 nor more than $500 nor less than 30 days or more than 6 months].

"(a) To sell or offer for sale at wholesale or retail any of the articles herein taxed, without first having procured a permit as a wholesale or retail dealer, as is required by the case at issue. * * *

"(l) For any person to sell any alcohol or alcoholic beverage without previously having obtained a permit, where same is required by ordinance of any parish or municipality, or without having previously obtained a license from the governing authorities of any parish or municipality, or in violation of any lawful ordinance or regulation of any parish or municipality."

Ordinance No. 14,433 C. C. S. of New Orleans defines wholesale and retail dealers and establishes a city license tax for each and a penalty for the sale of liquor without the proper license.

Article 12 of the Revised Civil Code, reads: "Acts contravening prohibitory law invalid.—Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed."

The various sales of liquor to Piper, by plaintiff, without a retail dealer's license, being prohibited by law, were void and the vender could not maintain an action against him or, upon his death, against his heirs who have accepted his succession unconditionally. Lafayette Realty Company v. J. Panno & Co., 12 Orleans App. 182; Dickerson v. Gordy, 5 Rob. 489; Milne v. Davidson, 5 Mart., N.S., 409, 16 Am.Dec. 189; Rawleigh Co. v. Hicks, La.App., 171 So. 616.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.