McINNIS, Judge Ad Hoc.
This suit has for its object the collection of $300. Plaintiff alleges that he is the payee and holder of a check drawn by defendant, dated November 2, 1949, for $400'; that the check was presented to the Commercial National Bank, drawee, and payment was refused with the endorsement “Evidently Drawn On Us In Error”; that after the check was dishonored defendant was notified and promised to take care of it, and later paid $100, leaving the balance due $300. A photostatic copy of the check, with endorsements, is annexed to the petition.
Defendant’s answer is a general denial except as admitted in further answering, and he then sets up the defense that prior to January 1, 1949, plaintiff and Clifton Lloyd owned a dragline and were operating it on arrangements between themselves, Lloyd do'ing the physical work of operating the dragline; that defendant owned bulldozers and was qualified to contract with the Production and Marketing Administration of the United States Department of Agriculture in constructing dams to impound water on farms, and that defendant and Lloyd entered into an agree- *756 merit under which defendant would get contracts for construction of ponds, furnishing his services and machinery and Lloyd furnishing the dragline and his services, particularly to dig the core trench required in order to construct the ponds, each to receive one-half of the prices received for the work. He also says that Lloyd failed to carry out his part of the work on a contract to construct a pond on the farm of one E. Duke Williams, and that-it cost him $210 to complete the work; that in February, 1949, he owed one-half of the. amount to be received for the Williams contract, and this added to some other contracts completed, amounted to $522; that about July 14, 1949, he furnished a large truck and trailer to move the dragline from Farmerville to a point near Shreveport, for which he charged $100; that about October, 1949, Lloyd asked for an advance on amounts that would be due under the contract, to which he objected because Lloyd had not completed the job; that during the discussion with Abel and Lloyd, upon promise that the dragline would be returned and the work completed, he issued and delivered the check to Abel, with the understanding that Abel would pay Lloyd $200.
Finally, he says that there was a failure of consideration for the check, but that he owes Abel and Lloyd $112, which he is ready to pay, but that Abel is without right to sue, since the debt is owed to the partnership.
In an amended answer he says Lloyd collected $100.50 from Williams, and that this reduces the amount he owes to $51.50.
After trial the District Judge resolved all the issues in favor of plaintiff, and from this judgment defendant has appealed sus-pensively. Plaintiff answered the appeal, asking that the judgment be affirmed.
In his written reasons for judgment, the District Judge said:
“I could see that no useful purpose could be served in exhaustively reviewing the evidence in this case. The evidence of the defendant is contrary to that of the plaintiff as to the indebtedness, and the plaintiff is corroborated by Mr. Lloyd as to the amount of the indebtedness and to whom the'indebtedness is due.
* * * * * *
“I am more impressed that the factual situation is correctly represented by the evidence of Mr. Abel and Mr. Lloyd than the evidence of Mr. Roach.
“I am also of the opinion that defendant has failed to discharge the burden of proof by a preponderance of evidence on the special defenses which he has raised in this case.”
We are not to disturb the finding of. the District Judge,on questions of fact, unless his finding is manifestly erroneous and we do not find such to be the case here. .
In this court defendant admits that the only serious question is the legal right of plaintiff to sue on the check. We are of the opinion that the District Judge correctly resolved this question. Defendant contends that the check was given as an acknowledgment of a debt due the partnership of plaintiff and Lloyd, and that suit cannot be maintained on the check, the remedy being a suit by the partnership in its name, on the account, instead of on the check.
There is no doubt that the check was given for a debt due plaintiff and Lloyd, but it is payable only to plaintiff and the record discloses that Lloyd was in need of money and plaintiff was willing to pay him his part of what defendant owed, but wanted the check foi; his protection. The partnership was afterwards ’ dissolved and settled and Lloyd bought out all interest in the dragline. Lloyd testified on the trial of the case that he had no interest in the check or in the outcome of the suit.
Besides, this check is a negotiable instrument, payable to plaintiff only, and he certainly has the right to sue on it. LSA-R.S. of 1950, 7:51, 7:61 and 7:191. Defendant makes much of the fact that the check was not presented until months after it was drawn, but it appears from the record that it was held by agreement with defendant that he would take it up, but he only paid $100 on it, and changed his bank account to the name of his wife, so that *757 it would not be paid’ by the bank., He has no right to complain that the check was npt presented earlier, unless the delay caused him loss. LSA-R.S. of 1950, 7:185.
In our opinion the exception1 of no right of action was properly overruled, and, for this and the other reasons assigned, the judgment appealed from is affirmed at the cost of defendant, appellant, in both courts.