133 So.2d 901 (1961)
Eva M. VAN HORN, Plaintiff-Appellee,
v.
Robert H. VINING, Defendant-Appellant.
No. 9538.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1961.
On Rehearing October 26, 1961.
*903 Louis Lyons, Bossier City, for appellant.
Lee, Taylor, Files & Hawthorne, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
This action results from non-payment of a check for $800, dated December 4, 1959. The check, allegedly signed by defendant and given to plaintiff in payment of wages for nursing services, was dishonored by the bank upon which drawn, by reason of the insufficiency of funds on deposit. Answering claimant's petition, the defendant resists payment on the ground that possession of the check was obtained fraudulently and was not supported by consideration. Subsequent to trial of this cause defendant filed an exception of no right of action, contending that: (1) plaintiff's claim is a community asset suit; and (2) the claim is for practical nursing services although plaintiff has not qualified as a practical nurse as required by LSA-R.S. 37:961 et seq. Following submission of the case for consideration on the exception and on its merits, the trial court rendered judgment for plaintiff as prayed for without expressly passing upon the exception of no right of action. From the decision so rendered, the defendant has appealed.
In brief, counsel for appellee seriously urges that by reason of the pleadings and the testimony of the defendant upon trial of the case, the defendant, having denied his signature on the check, is barred by Articles 324 and 326 of the Louisiana Code of Practice from every other defense, and, therefore, judgment should be entered against him. These two articles are:
"Article 324:
"When the demand is founded on an allegation, or an act under private signature, which is alleged to have been signed by the defendant, such defendant shall be bound in his answer to acknowledge expressly or to deny his signature."
"Article 326:
"The defendant, whose signature shall have been proved after his having denied the same, shall be barred from every other defense, and judgment shall be given against him without further proceedings."
The conclusion so reached by counsel is not supported by the record. Plaintiff's petition alleges: "That on December 5, 1959, the defendant executed a check in the amount of Eight Hundred and NO/100 ($800.00) Dollars, drawn on the Ruston State Bank and Trust Company; that said check represented payment in full for nursing care, cash advances and et cetera." True, these allegations were denied in respondent's answer, however, the denial so made must be read in conjunction with its explanation also expressed in the answer. Therein it is set forth that on November 5, 1959, the defendant signed five checks in blank which he left in his room during his absence on a business trip, and when he returned on November 7th he searched for the checks and was unable to find them. Subsequently some of the checks were cashed and returned with his bank statement. The check sued upon was turned down by the bank for insufficient funds. Defendant denied also that he had ever signed a check for delivery to plaintiff and if he did so, it is averred it was done while he was under the influence of alcohol or drugs, or because some artifice or fraud was perpetrated upon him. Further, respondent asserted he never received anything of value from plaintiff. The effect of the answer is that although defendant did, in fact, sign the check herein sued upon, it was obtained by means of artifice or theft, and was without consideration. The pleadings, therefore, do not support the position taken by plaintiff that Articles *904 324 and 326 of the Code of Practice preclude defendant from other defenses. The further contention is made that during the course of examination by counsel, defendant admitted his signature. This argument, however, fails to add anything to the pleadings for the testimony discloses the defendant consistently took the position he did not voluntarily deliver the check to plaintiff, and its possession by the plaintiff was without his consent.
The exception of no right of action should have been sustained by the trial court for we find the record plainly discloses plaintiff may not institute this action for wages, recovery of which inures to the advantage of the community of acquets and gains existing between her and her husband. Accordingly, suit should have been brought by the husband, consistent with the provisions of LSA-C.C. Article 2402, and the jurisprudence interpretative thereof. During the course of the trial plaintiff, who sued only in the name of Eva M. Van Horn, testified that during the year 1959 when her claim for wages accrued, she was residing with her husband, from whom she has never been separated. Evidence was not tendered disclosing the consent of her husband to appear in this action in behalf of the community of acquets and gains. The facts show, therefore, that this action could only have been instituted by the husband and the plaintiff wife is without a right of action.
The Codal article above mentioned provides that: "This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife * * *", and it is settled by our jurisprudence that the wages of a married woman are embraced within the statutory provision above stated. The following statement from Taylor v. Dunn, 233 La. 617, 97 So.2d 415, 421, is apropos:
"Under the laws of this State, all property acquired during the existence of the marriage, whether purchased in the name of the husband or the wife, is presumed to be community property (Article 2402, Louisiana Civil Code), and the jurisprudence holds that the presumption is not overcome by a mere declaration of the spouses in a deed to the wife that the latter is purchasing with her separate and paraphernal funds, under her separate administration; that `the wife, * * * to overcome the presumption in favor of the community, must establish three crucial facts, namely: (1) The paraphernality of the funds; (2) the administration thereof separately and apart from her husband; and (3) investment by her.' Houghton v. Hall, 177 La. 237, 244, 148 So. 37, 39; Johnson v. Johnson, 213 La. 1092, 36 So.2d 396; Succession of LeJeune, 221 La. 437, 59 So.2d 446; Stevens v. Johnson, 230 La. 101, 87 So.2d 743. The husband, as head and master of the community of acquets and gains (Article 2404, Louisiana Civil Code), is the proper party to prosecute its rights and defend its interests, and the wife alone can neither prosecute such a claim nor defend an action against the community and stand in judgment to bind it."
It is recognized, however, that where the husband, in the judicial proceeding either through pleadings or testimony, evidences his consent in such a manner as to constitute the wife the agent of the community, a judgment may be pronounced in favor of the wife, for the husband and community is thereby effectively bound and the defendant protected in the matter. Anderson v. Simmons, La.App. Orleans, 1954, 75 So.2d 34. In the instant case the record is bare of consent by the husband. In Succession of Berthelot, La. App. 1 Cir., 1945, 24 So.2d 185, the court adhered to the principle enunciated in Article 2402 of the LSA-Civil Code by holding that the husband alone was the proper *905 person to prosecute and recover a claim by his wife for nursing services. Other authorities denying the right of the wife to bring such an action are: Alsaya v. Johnson, La.App.Orleans, 1942, 6 So.2d 755; Casente v. Lloyd, La.App.Orleans, 1953, 68 So.2d 329; Mitchell v. First National Life Insurance Company, 1956, 231 La. 546, 91 So.2d 788; Sanders v. P. & S. Insurance Company, La.App. 2 Cir., 1960, 125 So.2d 24.
The exception of no right of action also presents the question as to whether plaintiff, although unlicensed, may receive wages for services rendered as a practical nurse, counsel contending that she may only do so provided she is licensed in accordance with LSA-R.S. 37:961 et seq. We hold the contention is entirely without merit. The statute does not enjoin the collection of wages rendered by an unlicensed practical nurse. Section 978 imposes penalties for specified violations thereof but the statute in nowise precludes the collection of wages.
It is our opinion the plaintiff was without capacity to institute this suit on behalf of the community, a right expressly reserved to the husband in a claim of this nature.
Accordingly, the judgment from which appealed is reversed, the exception of no right of action is sustained, and plaintiff's suit is dismissed at her cost.

On Rehearing
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
On the original hearing, an exception of no right of action was sustained. The basis of the exception was twofold: (1) that the alleged indebtedness was a community asset of the community of acquets and gains existing between plaintiff and her husband, and that, as such, an action thereon could only be maintained by the husband as head and master of the community; and (2) that the contract sued upon is illegal, null and void, having been contracted in contravention of a prohibitory law and, hence, having no legal cause, but a false or unlawful cause, was without effect. In our former opinion, the first of these contentions was sustained, but the second was held to be without merit and, accordingly, the exception was sustained.
Primarily, for a reconsideration of the questions presented by the exception, a rehearing was granted.
Concerning the first of the aforesaid contentions, of primary importance is the right of the wife, vel non, to maintain an action in her own name upon a check in which she is the named payee, notwithstanding that the check was given in payment of services allegedly rendered by her during the existence of a community of acquets and gains existing between her and her husband, and while they were living together as man and wife.
The general rule as to the institution of actions for the recovery of community assets or upon a community obligation is that the husband, as head and master of the community of acquets and gains (LSA-C.C. Art. 2404), is the proper party to protect its rights and defend its interests, and that the wife alone can neither prosecute such a claim nor defend an action against the community or stand in judgment to bind it. O'Rourke v. Moore, 239 La. 5, 117 So.2d 826; Taylor v. Dunn, supra; Succession of Howell, 177 La. 276, 148 So. 48; McDaniels v. Doll, La.App. Orleans, 1949, 40 So.2d 530, 532.
In the latter case, it was appropriately stated:
"It is axiomatic in our law, that in all suits for the restitution of a community asset or debts due to the community,an action, for the recovery thereof, must be prosecuted by the husband as head and master of the community, and the wife cannot stand in judgment therefor. The vindication of *906 community rights is vested alone in the husband. This doctrine is sustained not only by our codal law, the economic and social philosophy of which is sound, but by an unbroken and uniform line of decisions and, therefore, none need be cited in support thereof."
That an exception to the aforesaid general rule exists, when the wife is designated the payee in a negotiable instrument in her possession, has been confidently urged by plaintiff. A check is a bill of exchange (LSA-R.S. 7:126, 7:185) and a negotiable instrument (LSA-R.S. 7:1). Moreover, the statute declares that a holder of a negotiable instrument may sue thereon in his own name and payment to him in due course discharges the instrument (LSA-R.S. 7:51). To the same effect are the provisions of LSA-C.C. Art. 2145:
"Payments in general can legally be made only to the creditor, or some one empowered by him. The debtor, however, is discharged by a payment made in good faith to one who is really not the creditor nor empowered by him, in the following cases:
"1. When the debt is due on an instrument in writing, payable to the bearer, or payable to order, and indorsed, or if not payable to the bearer, if it be assigned in blank, or to bearer, and the payment is made to one in possession of the original evidence of the debt. * * *"
In Grantz v. Levy, 170 La. 712, 129 So. 139, plaintiff, a married woman, sued as the holder of a promissory note drawn by defendant to his own order and by him endorsed. She alleged that the note was her separate property, having been acquired with her own separate funds. The defendant admitted the execution of the note but denied it was the separate property of the plaintiff and averred it belonged to the community estate existing between plaintiff and her husband. Hence, it was urged that an action thereon could be maintained only by him. There was judgment for plaintiff and defendant appealed. In the course of its opinion, it was stated on behalf of the Supreme Court:
"We think the judgment was correct; it was mere surplusage for plaintiff to allege that the note was her separate property. The note was payable to the holder thereof, and she was the holder.
"Payment to her would have been a valid payment and a complete discharge of the drawer, no matter to whom the note belonged. R.C.C. art. 2145, subd. 1. And it is immaterial to defendant whether plaintiff was the real owner of the note sued on or only the agent of her husband, unless he had a defense against the latter; and this he does not set up in his answer. Hence his answer is not a sufficient defense, and judgment was properly rendered against him. Case, Receiver v. Watson et al., 21 La.Ann. 731."
See, also: Quick v. Littlejohn, 156 La. 369, 100 So. 531; Case v. Watson, 21 La.Ann. 731; Abel v. Roach, La.App.2d Cir., 1952, 56 So.2d 755; Equipment Finance Corporation v. Atkins, 19 La.App. 834, 139 So. 154; Achee v. Williams, 6 La.App. 316.
The holdings in these cases are to the effect that the makers of the instruments sued upon were without interest to challenge plaintiff's ownership of, or right to sue on, the notes in the absence of a deprivation of substantial defenses against the original or true owners. No contention is made that defendant in the instant case has been deprived of any rights against plaintiff's husband or of the community estate existing between them.
In Abel v. Roach, supra, where a negotiable check was given by the defendant for a debt due a partnership, but was payable to only one of them, it was held that the payee had the legal right to sue on the check as against the contention that the action should have been instituted by the partnership in its name and on its account. It was stated:

*907 "* * * this check is a negotiable instrument, payable to plaintiff only, and he certainly has the right to sue on it. LSA-R.S. of 1950, 7:51, 7:61 and 7:191." [56 So.2d 756.]
In the check herein sued on, plaintiff is named payee. The record establishes that plaintiff was in possession of the check.
Therefore, for the aforesaid reasons, we are now constrained to hold that plaintiff had a right of action in bringing and instituting this action, particularly in view of the fact that defendant does not contend he has been deprived of any rights or defenses by the failure of the husband to bring the suit.
The second contention raised by the defendant, which relates to the legality of plaintiff's alleged contract of employment, presents for consideration an issue equally serious and important.
More specifically, defendant's position is that plaintiff's services for which the check was given were performed as a practical nurse without her having been licensed to practice that profession. In this connection, it is pointed out that LSA-R.S. 37:961 et seq., created a board of practical nurse examiners, prescribing the qualifications of practical nurses and providing for their examination and licensing. The statute also prohibited the performances of certain acts and privileges, among which was
"No person shall:
"(3) Practice practical nursing unless duly licensed to do so under the provisions of this Part; * * *." (LSA-R.S. 37:978.)
A violation was punishable by a fine or imprisonment, or both.
By this enactment, the Legislature obviously recognized the practice of practical nursing as a profession of skill and science.
In matters of morals, health, and safety, the Legislature may act in the interest of the general welfare to protect the public in the skilled trades and professions against ignorance, incompetence, and fraud. State v. De Verges, 153 La. 349, 95 So. 805, 27 A.L.R. 1526; Ronaldson v. Moss Watkins, Inc., La.App. 1st Cir., 1930, 13 La.App. 350, 127 So. 467.
A fundamental principle of our law is that individuals cannot, by their agreements, derogate from the force of laws enacted for the preservation of the public order and good morals (LSA-C.C. Art. 11), and that whatever is done in contravention of a prohibitory law is null (LSA-C.C. Art. 12). Thus, as a general rule, all contracts or agreements which directly or indirectly involve, or have for their object, a violation of the law are illegal, and, generally, it is immaterial whether the thing forbidden is malum in se or merely malum prohibitum. Such contracts or agreements are void in the sense of being enforceable. LSA-C.C. Arts. 1891, 1892, and 1895; 17 C.J.S. verbo, "Contracts," IX. Illegality, §§ 189-191, pp. 544-545.
The jurisprudence of this State conforms to the aforesaid general principles of the statutory law. Thus, where a license or a certificate is required by statute as a requisite for one practicing a particular profession, an agreement of a professional character without such license or certificate is ordinarily held illegal and void. The authorities are in accord on this point, where the license is required for the public protection and to prevent improper and unqualified persons from acting in a particular capacity. Ronaldson v. Moss Watkins, Inc., supra; Dickerson v. Gordy, 5 Rob. 489; Bergeron v. Mumphrey, La. App. Orleans, 1949, 38 So.2d 411; Moore v. Burdine, La.App. Orleans, 1937, 174 So. 279; Consolidated Companies v. Angelloz, La.App. 1st Cir., 1936, 170 So. 556.
Plaintiff admits she is not licensed in accordance with the provisions of the aforesaid statute to practice practical nursing in the State of Louisiana. Her position is *908 that the services performed by her for the defendant do not conform to or come within the statutory definition of practical nursing and, hence, that the statute is without application. As defined in the statute,
"`* * * Practical nursing' means the performance of nursing services for patients if while performing these services the nurse is at all times under the direction and supervision of a licensed physician or registered nurse acting under the supervision of a licensed physician; * * *." (Emphasis supplied.) (LSA-R.S. 37:961.)
An appraisal and evaluation of the evidence is necessary for a determination of the question thus presented. The record discloses that for a period beginning in July and ending December 4, 1959, plaintiff rendered services for the defendant comparable or similar to services ordinarily performed by practical nurses. The need of such services was due primarily to defendant's excessive drinking of alcoholic beverages, from which it was quite evident he had become an alcoholic. These services were not performed under the direction and supervision of a licensed physician or of a registered nurse who was acting under the supervision of a licensed physician. The record discloses that on only two occasions during the aforesaid period was a licensed physician called to attend defendant. These calls were made at plaintiff's instance.
It is therefore very evident that plaintiff did not perform services for defendant at all times under the direction and supervision of a licensed physician. Hence, the services performed were not those of a practical nurse within the aforesaid statutory definition of the term. The contract of employment was not, therefore, unlawful or illegal, but valid and enforceable. Accordingly, the check sued upon is a valid and subsisting obligation of the defendant.
The exception of no right of action was, therefore, in our opinion, properly overruled.
The disposition made of the exception necessitates that we consider the merits of plaintiff's demands. Plaintiff testified to her employment by defendant, the rate of pay, and period of service. Moreover, she produced defendant's check which she testified was given in payment for her services. Plaintiff's testimony, fortified by the presumption that the check was executed for a valuable consideration (LSA-R.S. 7:24), has not been overcome or rebutted by defendant's mere denial.
For the reasons assigned, the judgment appealed is affirmed at defendant-appellant's cost.
Affirmed.