234 So.2d 530 (1970)
Lloyd JARY, Jr., Plaintiff and Appellant,
v.
Dr. Robert O. EMMETT, Defendant and Appellee.
No. 3027.
Court of Appeal of Louisiana, Third Circuit.
April 23, 1970.
Rehearing Denied May 13, 1970.
Writ Refused June 26, 1970.
*531 Baggett, Hawsey & McClain, by R. Scott McClain, Lake Charles, for plaintiff-appellant.
Stockwell, St. Dizier, Sievert & Viccellio, by James R. St. Dizier, Lake Charles, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Lloyd T. Jary, Jr., an architect licensed in Texas, but not in Louisiana, filed this suit on a quantum meruit basis for architectural services rendered to the defendant, Dr. Robert O. Emmett, in Louisiana. From an adverse judgment, plaintiff appealed.
Although several issues have been argued by counsel, we find the judgment can be affirmed on the basis that since plaintiff is not licensed in Louisiana he cannot recover for services performed here.
LSA-R.S. 37:141 et seq. provides that no person shall practice architecture in Louisiana unless he has been duly qualified and licensed in this state. Violation is a misdemeanor punishable by fine or imprisonment. LSA-R.S. 37:160(3) exempts "Registered architects of other states when associated with or consulting with any registered architect of this state;". In the present case, plaintiff was not associated or consulting with any registered architect of this state.
The applicable law is set forth in Van Horn v. Vining, 133 So.2d 901 (La.App. 2d Cir. 1961) as follows:
"A fundamental principle of our law is that individuals cannot, by their agreements derogate from the force of laws enacted for the preservation of the public order and good morals (LSA-C.C. Art. 11), and that whatever is done in contravention of a prohibitory law is null (LSA-C.C. Art. 12). Thus, as a general rule, all contracts or agreements which directly or indirectly involve, or have for their object, a violation of the law are illegal, and, generally, it is immaterial whether the thing forbidden is malum in se or merely malum prohibitum. Such contracts or agreements are void in the sense of being enforceable. LSA-C.C. Arts. 1891, 1892, and 1895; 17 C.J.S. verbo, `Contracts,' IX. Illegality, §§ 189-191, pp. 544-545.
"(6) The jurisprudence of this State conforms to the aforesaid general principles of the statutory law. Thus, where a license or a certificate is required by statute as a requisite for one practicing a particular profession, an agreement of a professional character without such license or certificate is ordinarily held illegal and void. The authorities are in accord on this point, where the license is required for the public protection and to prevent improper and unqualified persons from acting in a particular capacity. Ronaldson v. Moss Watkins, Inc., supra [13 La.App. 350, 127 So. 467]; Dickerson v. Gordy, 5 Rob. 489; Bergeron v. Mumphrey, La.App. Orleans, 1949, 38 So.2d 411; Moore v. Burdine, La.App. Orleans, 1937, 174 So. 279; Consolidated Companies v. Angelloz, La.App. 1st Cir., 1936, 170 So. 556."
See also Mentz v. Village of Namou, 165 La. 1070, 116 So. 561 (1928); Construction Engineering Company of Louisiana v. Village Shopping Center, 168 So.2d 826 (La. App.2d Cir. 1964); E. M. Glynn, Inc. v. Duplantis, 189 So.2d 84 (La.App. 1st Cir. 1966).
Although the above cited authorities involved suits based on contract, rather than quantum meruit, there is no theoretical distinction. Since the basis of *532 quantum meruit is an implied contract to pay for services rendered, no recovery can be had where the contract implied is illegal.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.