LOTTINGER, Judge.
This is a suit seeking an injunction prohibiting the defendant from submitting a claim to arbitration. From a judgment preliminarily enjoining the defendant, its agents, officers, and attorneys from submitting or attempting to submit its alleged claims to arbitration, defendant has appealed.
The contract in question is between the plaintiff, West Baton Rouge Parish School Board (School Board), and defendant, T. R. Ray, Inc., for the furnishing of architectural services for the new Port Allen High School. In 1975, the School Board decided to build a new high school at Port Allen, and wished to use the services of an architect who lived in West Baton Rouge Parish. Mr. Ronald J. Couvillon, chief architect of T. R. Ray, Inc., approached the School Board and was ultimately successful in obtaining the contract for T. R. Ray, Inc. Mr. Couvillon has been a registered architect in the state of Louisiana since 1958. The contract was signed on August 7, 1975, and by December, 1976, the plans and specifications were complete and put out for bid by contractors. On June 1,1977, Mr. Couvillon left the employ of T. R. Ray, Inc., and shortly thereafter, the School Board terminated the contract. At the time of termination the plans and specifications were complete, and the construction work had actually begun. What was left to be performed under the contract was supervision of construction.
On July 14, 1977, the defendant made formal demand on the School Board for $41,117.53 due it under the contract. The School Board failed to pay, and on September 30 the defendant demanded arbitration. This proceeding seeking the injunction was filed on October 24, 1977.
The trial judge concluded that sinee the term “person” usually includes corporations, LSA-R.S. 1:10, “corporation” was included in the term “person” as used in LSA-R.S. 37:145 which provides:
“No person shall practice architecture in this state or use the title ‘architect’, or display or use any title, sign, advertisement, or other device to indicate that such person practices or offers to practice architecture, or renders architectural services, or is an architect, unless such person shall have secured from the board a certificate of registration and license in the manner hereinafter provided, and shall thereafter comply with the provisions of the laws of the State of Louisiana governing the registration and licensing of architects.”
The trial judge continued that “if corporations cannot be licensed because they are not in their nature subject to examination *302 and therefore unable to qualify, then they are prohibited from practicing architecture. To hold otherwise would be to say that corporations are free to practice any profession without the need or restriction of incorporation as professional corporations with limited powers. There would be no need in Louisiana for statutes dealing with professional law corporations, professional medical corporations, etc.”
The Louisiana State Board of Architectural Examiners adopted rules pursuant to the authority granted to it under LSA-R.S. 37:144 and 147, of which one rule provides that a “partnership or a corporation may be admitted to practice architecture in the state of Louisiana if two-thirds (%) of the partners (if a partnership) or two-thirds (%) of the officers, directors and stockholders (if a corporation) are licensed under the laws of this state to practice either architecture or engineering”. The trial judge concluded that the word “admitted” as used in the adopted rule was ambiguous, however, he found that the defendant corporation did not satisfy the requirements of the rule, and thus pretermitted any discussion as to whether the Board of Architectural Examiners were within their authority in adopting such rules.
Thus the court held that since the defendant did not have the authority to practice architecture as a corporation, the contract entered into between plaintiff and defendant for architectural services was null and void, and thus issued the injunction.
In reviewing the evolution of professional corporations, this Court has determined that only the legal profession was ever specifically prohibited the right to incorporate. Act 163 of 1940, Regular Session.
The general rule is that a corporation can perform any lawful business activity which has not been prohibited to it or is not governed by special laws. LSA-R.S. 12:22.
The definition of an architect is “a person who is technically and legally qualified to practice architecture”, and the practice of architecture is defined as:
“ * * * the performance of professional services embracing the safe, healthful, scientific and aesthetic planning, design and specifications for and the overseeing of the construction of any public or private building or buildings.” LSA-R.S. 37:141
We agree with the trial court that a corporation cannot “practice architecture” since the clear intent of the legislature is that only natural persons having the ability to qualify and pass an examination could be licensed to practice architecture. LSA-R.S. 37:146.
Apparently the trial judge viewed LSA-R.S. 37:141 et seq., as special laws governing the practice of architecture and thus prohibiting incorporation for such purposes as the providing of architectural services. In examining Title 37 of the Revised Statutes so as to determine its impact on the corporation laws, it is clear that the legislature did not intend the professions and occupations listed in the Title be barred from incorporating. Title 37 is primarily concerned with establishing certain minimum standards which various professionals must meet before they are licensed to practice in Louisiana, and not with whether those professions can incorporate.
On appeal, the appellant argues that the contract entered into between the School Board and itself was for the furnishing of architectural services to be performed by a licensed architect, and thus is not null and void.
This Court sees a difference between the providing of professional services of a licensed architect and the actual practice of architecture. T. R. Ray, Inc. did not hold itself out to be an architect but to be the supplier of architectural services, such services to be performed by a licensed architect. There is no prohibition or specific law governing the providing of professional services of an architect, thus we find no bar to T. R. Ray, Inc., a duly incorporated entity, from providing those services which the School Board contracted for.
*303 T. R. Ray, Inc. is not an individual attempting to practice architecture in violation of LSA-R.S. 37:141 et seq., as was the case in Jary v. Emmett, 234 So.2d 530 (La. App. 3rd Cir. 1970) writ refused 256 La. 374, 236 So.2d 502 (1970); but is merely contracting to provide architectural services which must be performed by a Louisiana registered architect. If the services rendered are not performed by an individual licensed to practice architecture in this state then under Jary, supra, no fee could be collected even on a quantum meruit theory.
Where a person licensed in this state to practice architecture performs the work of an architect on a contract which provides for the furnishing of architectural services, the validity of the contract cannot be attacked for the lack of capacity of the contracting party to practice architecture.
Since we hold that T. R. Ray, Inc. has the capacity to contract to provide architectural services, we now determine whether any other cause might invalidate this contract ab initio. LSA-C.C. art. 1950 provides:
“When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.”
The intent of the School Board in executing this contract was to obtain architectural services to be provided by T. R. Ray, Inc. The facts presented reveal no error as to the person or cause nor the practice of any fraud; therefore, this Court finds the contract to be valid ab initio, and thus, the arbitration clause is effective. George Engine Co., Inc. v. Southern Shipbuilding Corporation, et al., 350 So.2d 881 (La.1977).
Therefore for the above and foregoing ' reasons the judgment of the trial court is reversed, and IT IS HEREBY ORDERED ADJUDGED and DECREED the injunction granted be recalled, vacated and set aside. Appellee is to pay all costs of this appeal as provided by law.
REVERSED AND RENDERED.