PONDER, Judge.
This is a suit to recover a fee for architectural services performed under a written contract. The trial court found for plaintiff and defendants appeal.
We reverse and remand.
Under West Baton Rouge Parish School Board v. T. R. Ray, Inc., 367 So.2d 332 (La.1979) the Supreme Court held that a corporation cannot contract to perform architectural services because a corporation cannot be a licensed architect under the Louisiana statutes. Here, it is the corporation that is suing to recover fees for services performed. Under the reasoning of Ray, supra, plaintiff has no right and no cause of action. The corporation is not a licensed architect and cannot sue to recover fees allegedly due for services which the corporation cannot legally perform.[1]
However, certain services were performed for the defendants. The Ray case allows an architectural corporation to recover, if justified under the theories of unjustified enrichment or culpa in contrahendo.
We therefore believe that the trial court should have sustained the peremptory exception of no cause of action and no right of action. This error, however, became harmless when plaintiff in fact did amend its petition to allege in the alternative that the value of the services rendered was $30,-000.00. A plea of vagueness based upon insufficiency of pleading of unjust enrichment or culpa in contrahendo might have been appropriate, but we are not now confronted by that question.
The situation is complicated by the fact that plaintiff presented no evidence on the value of services rendered. After a posttrial conference on the second day of trial, however, plaintiff moved to be allowed to reopen the case for evidence of the value of services rendered. The court summarily denied the motion. We believe plaintiff should have been given an opportunity to present a written motion which should have been granted.
The judgment of the trial court is therefore reversed and the case is remanded for further proceedings not inconsistent with this opinion. The costs of this appeal are assessed to the appellee. All other costs are to await the outcome.
REVERSED AND REMANDED.

. By supplemental brief, appellee urges that it is qualified to practice architecture under rules promulgated by the State Board of Architectural Examiners. Even if these rules were in evidence, it would be directly contrary to the holding of the West Baton Rouge Parish School Board case and is therefore invalid.